## STANFORD *vs.* MANGIN *et al.*

1. A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title.

2. A deed between private persons conveying all the land on one side of a river not navigable, conveys all that lies on that side, beginning from the middle of the river ; or in other words, the term river, when applied to streams not navigable, and used to designate a boundary between private land owners, means in law the middle of the river.

Ejectment, in Habersham Superior Court. Tried before Judge HUTCHINS, at April Term, 1860.

This was an action of ejectment brought by John Doe *ex dem.* William H. Mangin and Andrew J. Nichols, against Richard Roe, casual ejector, and John R. Stanford, tenant in possession, for the recovery of five acres of land, more or less, being a portion of lot No. 19, in the 10th district of Habersham county, known as "The Island." Both parties claim under Benjamin Vaughn, the former owner of the land ; the plaintiff, under a deed from Vaughn to William H. Mangin, dated 29th September, 1838, conveying "all that part of lot No. 19, in the 10th district of Habersham county, situate, lying and being *on the west side of the Soquee river ;* containing 51½ acres, more or less," etc. The defendant claimed under a deed from the executors of Vaughn, dated 5th July, 1839, conveying to John R. Stanford "all that tract or parcel of land situate, lying and being in 10th district of said county, known as part of lot No. 19 in said district, bounded by and having the following courses and distances," etc. ; describing the same particularly, and containing 186 acres, more or less, being the balance of lot No. 19, not before conveyed to Mangin, and situated on the east side of said river Soquee, and to the middle of said river.

Plaintiff claimed that the land in controversy, now an island, was, at the time of the conveyance and execution of the deed by Vaughn to Mangin, in 1858, on the west side of the river, and embraced in said deed from Vaughn to Mangin. Defendant claimed that at the time of his purchase of all the Vaughn land on the east side of the river, and long before, the land in dispute was an island formed by two channels of said river, the principal run or channel being on the

west side of said island, and that it was therefore included in his deed from the executors of Vaughn. He further relied on the Statute of Limitations.

At the time the Court allowed the plaintiffs to amend his declaration by laying a demise from Peyton L. Wade, Mangin's vendee, without striking out the demise from Mangin, who had been dead long before the commencement of the suit, but holding that no recovery could be had on the demise from Mangin.

When the depositions of John W. H. Underwood were offered to be read on the part of plaintiff, defendant objected thereto, on the grounds:

1st. That he was one of the executors of the estate of James R. Wyley, deceased, under whom plaintiffs claimed; that his testimony is given in support of his own deed made as executor of Wyley to Nichols.

2d. Because he is one of the legatees of Wyley's estate, and therefore interested.

3d. Because, in his answer to the 4th cross-interrogatory, he gives reasons not warranted by the conversation referred to, and in his answer to the 5th cross-interrogatory, he gives his evidence argumentatively, and answers more than he is asked, and gives his opinion as to the law of the case, citing his authority for it.

4th. Because he testifies to a conversation held with defendant while he was attorney for Wyley, and employed to bring suit for the very premises now in dispute.

Plaintiff executed and tendered a release to Underwood, and the Court understanding that no further objection was made as to the competency on the score of interest, overruled the objection and let in the testimony. To which ruling defendant excepted.

Defendant also objected to the introduction in evidence of a deed from Mangin to Wade, offered by plaintiff, upon the grounds:

1st. That said deed did not state the county in which it was executed, and ought not to have gone to record without proof of when it was executed; and 2d. Purporting to be executed before a Notary Public, his notarial seal should have been attached, and the county of his residence made to appear.

The Court overruled this objection, and defendant excepted.

The evidence being very volumnious, and no motion being made for a new trial, on the ground that the verdict was contrary thereto, it is deemed wholly unnecessary to insert it here.

The testimony being closed, the Court charged the jury, that the real question in the case was, Where was Soquee river at the time Vaughn made the deed to Mangin ? That deed conveys all of Lot No. 19, lying north-west of the river to Mangin. The deed from the executors of Vaughn conveys to defendant all of Lot No. 19, on the south-east side of the river, or all of that lot which had not been conveyed to Mangin. These two deeds make the river the line between plaintiff's and defendant's land. Then, where was the river? This is a question of fact for the jury ; if you believe from the evidence that the river ran east or south-east of the land in dispute, at the time the deed to Mangin was executed, and that his title has passed to the plaintiff, and that defendant is in possession, then the plaintiff is entitled to recover ; the deed from Vaughn to Mangin being admitted to be older than the one from his executors, under which defendant claims. The defendant, however, denies that the river run on the south-east side of the disputed premises at the date of Mangin's deed, but insists that the main channel was on the north-west side of it, and that his boundary extends to the bank of that channel, and if you believe this, you should find for the defendant.

The defendant further relies on the Statute of Limitations, and that he has had possession of the land in dispute more than seven years prior to the commencement of this suit, and prior to the passage of the Act of 1852. If you believe that defendant possessed and occupied the land under a claim of right, openly, notoriously and continously for seven years, prior to the Act of January, 1853, or that he hèld and claimed it seven years prior to the commencement of this suit under color of title, then his title is good, and he is protected by the Statute of Limitations, and you should find for him.

The defendant requested the Court to charge that plaintiff's boundary did not extend to the middle of the river, or beyond the north-west bank or margin of this small stream. It is admitted that Soquee river is not a navigable stream. The Court in response to this request charged, that the owner of land bounded by a stream or water course, not navi-

gable, owns to the middle of the stream, unless a different intention or boundary is expressed in the deed.

The Court further charged, that if they found for the plaintiff, they should then inquire as to the value of mesne profits to which he was entitled, subject to be lessened by the value of the improvements and clearing.   To which charge defendant excepted.

Defendant's counsel requested the Court to charge the jury:

1st. That if defendant had been in peaceable possession of the premises seven years before suit brought, he was protected by the Statute of Limitations.

This the Court charged, with the addition and explanation as stated in the general charge.

2d. That if defendant had been in possession seven years prior to the conversation with Underwood in 1848 or 1849, then his title was perfect, and the disclaimer testified to by Underwood did not divest or affect said title.   And if he had been in possession seven years since said conversation, then he was protected by the Statute of Limitations.   The first part of this request the Court refused to charge; the last was given, qualified as in the general charge.

3d. That if Vaughn's title was good for the entire river after he had sold on the west side to Mangin, then they must find for the defendant.   This the Court charged, adding, that if the title was not in plaintiff, it made no difference whether defendant owned it or not, plaintiff could not recover.

4th. That if the channel of the river was changed in 1840, then if defendant, Stanford, has been in peaceable possession since, they should find for him.   This the Court charged, qualified as in the general charge.

5th. That if the deed of Mangin and Wade were made since the channel of the river has been running on the western side of the island, then the plaintiff has no claim or title to any land east of that channel, because Mangin's deed to Wade is dated 21st January, 1841, and Wade's deed to Wyley is dated 5th January, 1848, and they purport to, and do, convey only the land then lying on the west side of the river. This the Court charged, adding, plaintiff could not recover unless the title to the land in controversy was in him, and referred to the general charge on this subject.

6th. That in order to set up title by possession, it is not

Stanford *vs.* Mangin *et al.*

necessary that defendant should prove that he cultivated the land every year, or that he cultivated it at all. This the Court charged, with the qualification that he must have had continuous possession.

7th. That if defendant's negroes worked the land even without his permission or knowledge, it amounts to a possession by defendant.

This the Court refused to charge.

That if the plaintiff's title accrued whilst defendant was in adverse possession, then said title is void and of no validity, and defendant is entitled to recover. This the Court charged, adding, that this was the law then, at the date of plaintiff's deed.

To all which charges, qualifications and refusals to charge defendant excepted.

The jury found for the plaintiff the land in controversy and fifteen dollars mesne profits. Whereupon defendant tendered his bill of exceptions, assigning as error the rulings, charges and refusal to charge as above stated and excepted.

JOHN R. STANFORD, in *propia persona,* for plaintiff in error.

ROBERT McMILLAN, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

We find no error in this record except in the charge of the Court. We think there was error in the charge, that the real question in the case was, where was Soquee river at the time Vaughn made the deed to Mangin? and in refusing to charge without qualification that the plaintiff could not recover if the channel of the river was on the west side of the island when Mangin made his deed to Wade on the 21st of January, 1842. The plaintiff had a demise from Mangin, it is true, but Mangin was admitted to be dead, and there could be no recovery under that demise, and the presiding Judge had so declared in the hearing of the jury. The true question, therefore, was *not* on the demise from Mangin, but on that from Wade, who was the next in succession. It is true, that both plaintiff and defendant showed deeds which, each for his own, claimed to cover the island, but the real question was, not whether

the defendant's deeds covered it, but whether the plaintiff's deed to Wade covered it? The plaintiff had to recover on the strength of his own title and not on the weakness of the defendant's title. The plaintiff's whole title depended on the deed from Mangin to Wade, and if the channel of the river was on the west side of the island when that deed was made, the deed did not cover the island, and the plaintiff could not recover. The Court ought so to have charged.

Judgment reversed.