MARY HOWELL *et al.,* plaintiffs in error, *vs.* SINGLETON G. HOWELL *et al.,* defendants in error.

The Superior Courts may grant new trials in all cases where any material evidence may be illegally admitted to, or withheld from the jury, against the demand of the applicant. (R.)

The admissions of a parent as to the gift of property to his son, made after the execution of deeds conveying said property to said son, are admissible upon the trial of a bill filed to set aside said deeds upon the ground of a want of capacity in the donor to make said deeds, and of ignorance of their contents, to show capacity and a knowledge of the contents of said instruments, especially where the deeds were prepared by the donee, and were alleged to have been fraudulently procured by him. (R.)

Though the evidence as to the admissions of the parent which was excluded may be in part cumulative of other evidence which was admitted, yet where the testimony as to capacity was conflicting, the credibility of witnesses was an important element for the consideration of the jury, and the defendant having the legal right to prove the facts by the witnesses which he offered, it was not error in the Court to grant a new trial upon the ground that it erred in excluding said proof. (R.)

Whilst it is true that the declarations or admissions of the donor, after the title to the land had passed out of him, going to defeat that title, would not be admissible in favor of the complainant against the defendant, still, testimony showing that the donor afterwards expressed himself dissatisfied is admissible in rebuttal of the defendant's evidence which went to show that the land was conveyed to him to make equal with the other children, and as a circumstance to be considered by the jury as to the defendant's influence over his father. (R.)

Equity. New trial. Undue influence. Want of capacity. Admissions. Declarations. Cumulative testimony. Before Judge DAVIS. Gwinnett Superior Court. March Adjourned Term, 1871.

Mary Howell, formerly Mary Haney, widow of Evan Howell, deceased, Archibald Howell, William M. McAfee and his wife, Mary E. McAfee, formerly Mary E. Howell, Clark Howell, Jackson Graham, and his wife, Julia Ann Graham, formerly Julia Ann Howell, A. T. Abbott, and his wife, Savannah Abbott, formerly Savannah Howell, filed their bill against Singleton G. Howell, containing substantially the following material allegations:

That the complainants, Mary Howell, Archibald Howell, Clark Howell, Mary E. McAfee, Julia Ann Graham and Savannah Abbott, together with Hampton W. Howell, and the defendant, constitute the widow and children of Evan Howell, deceased; that Evan Howell departed this life on February the 28th, 1868, leaving a will which was duly admitted to probate, appointing the defendant and one Samuel J. Winn, executors, by which the testator divided all of his personal property equally between his said widow and children; that on March 23d, 1865, the said Evan Howell executed a deed, in consideration of the natural love and affection which he bore to said defendant, conveying to him a valuable tract of land in the county of Milton, of the value of $4,000 00; that on June 1st, 1866, for the same consideration, said Evan Howell conveyed to said defendant a tract of land in the county of Gwinnett, of the value of $15,000 00; that said Evan Howell, at the time of the execution of the deeds aforesaid, was over eighty years of age, of imbecile mind and in his dotage; that he had the kindest feelings for all of his children, and when away from the influence and control of said defendant, was an affectionate husband and a devoted father; that it was his earnest desire and wish to divide all of his property equally between his children and wife; that at the time of the execution of the deeds aforesaid he was living near to said defendant,

who had acquired complete control over him; that said defendant by false and fraudulent representations of his own poverty and the poverty of his family, and of the wealth 'of complainants, and by fraudulently operating upon the imbecile mind of said Evan Howell, induced him to execute the deeds aforesaid.

Complainants charge that should the said deeds be held valid, the said Evan Howell instead of dividing his property equally among his children and his said wife, as was his earnest desire and wish, will have given to the defendant property to the value of $15,000 00 more than will have been received from him either by his said wife or by any other of his said children; that said deeds were obtained by fraud of the most insidious character, practiced upon a confiding and imbecile old man upon the verge of the grave; that said Evan Howell, when on his death-bed, expressed the earnest desire that his. property should be divided equally among all of his children; that at the time of the execution of each of the aforesaid deeds, said defendant would allow no one to be present except. the necessary witnesses, and endeavored to keep each transaction an entire secret; that the said Evan Howell, when possessed of the full use of his mental faculties was unable to read writing; that the deeds aforesaid were prepared by the said defendant and signed by the said Evan Howell without. comprehending their contents and legal effect; that for some years preceding his death the said Evan Howell, by reason of his imbecility, was unable to manage any of his business and had turned over all of his papers to said defendant; that defendant dictated the provisions of the will of said Evan Howell, wrote the instrument himself, and had the same in his possession at the time of the death of testator. Prayer that the Chancellor shall order and decree that the deeds executed as aforesaid be delivered up to be canceled and that said instruments be decreed to be null and void.

The complainants, pending the litigation, amended their bill substantially as follows, to-wit:

That Hampton W. Howell, although a legatee, and one of

the children and heirs-atl-aw of said Evan Howell, deceased, and as such equally interested with complainants in the administration of said estate, yet, for reasons best known to himself and the said defendant, declines to become a co-complainant in said bill. Prayer that he be made a party defendant.

The defendant, Singleton G. Howell, answered the bill, denying every material allegation. The defendant, Hampton W. Howell, filed no answer.

The evidence as to the capacity of Evan Howell was voluminous and conflicting.

The jury returned a verdict for the complainants, annulling and canceling the aforesaid deeds.

The defendants moved for a new trial, upon the following among other grounds, to-wit:

2d. Because the Court erred in rejecting the will of said Evan Howell, deceased, executed on the 9th of April, 1867, in which said testator refers to said deeds, and distinctly recites the fact that he had theretofore conveyed all his lands to his wife and children by deeds.

4th. Because the Court erred in rejecting the answers of Dr. James R. Knox to the sixth direct interrogatory, propounded to him in this case, as follows, to-wit: " I have heard the said Evan say, after writing the will, (about which I have testified,) that he had made a deed to S. G. Howell, the defendant, to or for the lands mentioned in said will. This was some time during the year 1866. The said Evan said, that his . negroes being free, and for other reasons assigned by him, not now recollected, he apprehended that an effort would be made to break his will, and that he had made the deeds so as to make the gift or bequest to S. G. Howell stick." And in rejecting another part of Dr. J. R. Knox's answers to said interrogatories, as follows : " His (E. Howell's) mind was also good, in my opinion, at the time I heard him speak of having made a deed of gift to S. G. Howell." And in rejecting another part of the answers of said J. R. Knox to said interrogatories, as follows : " I know that Evan How-

ell told me repeatedly, before his death, that S. G. Howell should have the lands about which I have testified."

5th. Because the Court erred in rejecting that part of the answers of John H. Cook to interrogatories propounded to him, in which, reciting a conversation witness had with Evan Howell, in the year 1865, witness stated that said Evan Howell distinctly told him that he had given his lands to his son."

6th. Because the Court erred in rejecting that part of the answers of Mary Howell (one of the complainants, and the widow of Evan Howell, deceased,) to interrogatories, as follows, to-wit: "I heard deceased say to Mr. Pitman, tax collector, that he had deeded away the most of his lands, and that Singleton, (meaning the defendant) must pay the taxes on them. The defendant paid the taxes on the lands deeded to him after the deeds were made." And in rejecting the answer of the said Mary Howell to the seventh interrogatory, as follows: "A short time before the death of Evan Howell, my late husband, he expressed a desire to take all the deeds and will to Judge Hutchins and get his opinion as to whether a flaw could be picked in them. He was very anxious to know that they (the deeds and will) were all right, and wanted them to stand as they were." He gave as a reason for making the last deeds that the first were not stamped. He understood his business all the time, and what he wanted to do with his property, and expressed himself satisfied with what he had done.

7th. Because the Court erred in refusing to permit the defendant to prove by Dr. James R. Knox, Mrs. Mary Howell, John H. Cook, T. J. Waters, Thomas Pitman, tax collector, J. J. McDaniel, tax receiver, and others, that at different times and places, after the deeds had been executed, and while he was in possession of the lands in controversy, that the said Evan Howell had declared repeatedly to, and in the hearing of each of them, that he had given said lands to Singleton G. Howell, and had made him deeds of conveyance to the same.

8th. Because the Court erred in refusing to permit the defendants to prove by Hampton W. Howell and others that af-

ter the execution of the deeds, and while said Evan Howell was in possession of the lands in controversy, but a short time before his death, and during his last illness, (when referring to said deeds and disposition of his property thereby made,) Evan Howell said, "I know I have done right; some people can believe what they want to."

9th. Because the Court erred in refusing to permit defendants to read in evidence to the jury the books of tax returns for the years 1862, 1863 and 1864, to show that in those years the said Evan Howell had given in the lands described in said deeds, both in Gwinnett and Milton counties; and the books of tax returns for the years 1866 and 1867, to prove that he gave in no lands for those years; the defendants having first proven by the receiver of tax returns for each of said years last mentioned, that the said Evan Howell had given in his taxes himself in person and in the absence of Singleton G. Howell.

10th. Because the Court erred in permitting the complainants to prove declarations made by Evan Howell, deceased, after he had executed the deeds, they seeking as heirs-at-law of said Evan Howell, to set said deeds aside.

Which motion came on to be heard on the 30th day of May, 1872, during an adjourned term (being a continuation of the March term, 1872,) of said Superior Court. The Court, after a careful review of the evidence, sustained said motion and granted a new trial in said cause on the grounds aforesaid, and counsel for complainants excepted. And the counsel for complainants, on this twenty-sixth day of June, in the year last aforesaid, being within thirty days from the final adjournment of said last mentioned term of said Court, tender their bill of exceptions, and say:

1st. That the Court erred in granting a new trial in said cause.

2d. That the Court erred in sustaining the second ground taken in said motion for a new trial, because a copy of said will was attached as an exhibit to complainant's bill of complaint as a part of the pleadings in the cause, and the effect of

the contents thereof was argued before the jury and considered as an admission of record.

3d. That the Court erred in sustaining said motion for a new trial on the grounds aforesaid, because said rejected testimony is merely cumulative of similar evidence, which was admitted and considered by the jury, and if the same had been received, it would not or ought not to have changed the verdict of the jury.

4th. That the Court erred in rejecting the following testimony of the witnesses, Mrs. Julia A. Graham, Archibald Howell and others, offered in evidence by the complainants, viz : "That during the last illness of said Evan Howell, he expressed himself dissatisfied with the disposition made of his property, and requested the defendant, Singleton G. Howell, to bring him the will and deeds, that he might make such a disposition of his property as would make all his children equal, and that said defendant replied, evasively, "you have no property to divide, but some money."

CLARKE & PACE ; PEEPLES & HOWELL ; J. N. GLENN ; T. M. PEEPLES ; N. L. HUTCHINS, for plaintiffs in error.

WINN & SIMMONS ; HILLYER & BROTHER ; J. J. FLOYD, for defendants.

WARNER, Chief Justice.

This was a bill filed by the heirs-at-law of Evan Howell, to set aside deeds executed by the said Evan, in his lifetime, conveying certain lands described therein to his son, Singleton G. Howell, on the alleged ground of the want of sufficient mental capacity of said Evan Howell to execute the same, and on the further ground, that said deeds were procured to be executed by undue and improper influence exercised by the said Singleton G., over his father at the time the deeds were executed. On the trial of the cause the jury found a verdict for the complainants. A motion was made for a new trial, which the Court below granted; whereupon, the complainants ex-

cepted. There was much evidence on both sides as to the capacity of Evan Howell. The Court granted the new trial on the ground of error in ruling out certain evidence offered by the defendant as specified in the record, and the question made here is whether the granting of the new trial was such an error of judgment as this Court, under the law, should control, and set aside. By the 3663d section of the Code it is declared, that the Superior Courts may grant new trials in all cases when any material evidence may be illegally admitted to, or *illegally withheld* from the jury against the demand of the applicant. In our judgment, the evidence specified in the second, fourth, fifth, sixth, seventh, eighth and ninth grounds of the motion for a new trial, was competent evidence to have been submitted to the jury, and the Court below erred at the trial in rejecting it. The deeds were proved to have been in the hand-writing of the defendant, and the evidence offered and rejected went to show that the maker of the deeds knew what he had done, and what the deeds contained. The issue on the trial was, whether Evan Howell had sufficient capacity to execute the deeds and to convey his property, and did he know the contents of the deeds? Did he know what he had done in executing them to his son, Singleton? The evidence offered was admissible to rebut the allegations of the complainants as to his want of capacity, and that he did not know the contents of the deeds, the more especially as the deeds were written by the defendant, and were alleged to have been fraudulently procured by him. But it was urged on the argument here that the evidence rejected was merely cumulative of similar evidence which was admitted, and therefore, the new trial should not have been granted. This is undoubtedly true in regard to the will which was rejected—the defendant got the benefit of that, but when the evidence of capacity was as conflicting as in this case, the *credibility* of witnesses was an important element for the consideration of the jury, and the defendant had the legal right to prove the facts by the witnesses which he offered. The testimony of some witnesses has more weight with the jury than others

who may prove the same facts. Whilst it is true that the declarations or admissions of Evan Howell, after the title to the land had passed out of him, going to defeat that title would not be admissible in evidence in favor of the complainants against the defendant, still we think the evidence of Mrs. Graham and Archibald Howell, offered by the complainants, was admissible in rebuttal of the evidence of the defendant, as it had a tendency to show that the defendant exercised some influence over his father. If he had sufficient capacity to execute the deeds of conveyance, and did execute them freely and voluntarily, the fact that he afterwards expressed himself dissatisfied, would not be, of itself, a sufficient legal ground to set them aside. This evidence could only be received in rebuttal of the defendant's evidence, which went to prove that the land was conveyed to him to make him equal with the other children, and as a circumstance to be considered by the jury for what it was worth as to the defendant's influence over his father. In our judgment, the granting of the new trial in this case by the Court below was not such an error in the exercise of its sound discretion as will authorize this Court to control or reverse its judgment.

Let the judgment of the Court below be affirmed.