## NIX *vs.* COLLINS.

1. A plaintiff in ejectment or complaint for land must show title in himself ; he cannot rely on the weakness of defendant's title.
2. In complaint for land a plaintiff cannot rely upon estoppel to prevent defendant from disputing his title. If he seeks to recover on an equitable title, he should set it up by equitable pleadings.

Ejectment.  Estoppel.  Before Judge SPEER.  Campbell Superior Court.  August Term, 1879.

Collins brought complaint for land against Nix. The tract consisted of parts of three land lots in Campbell county, viz: Half of land lot 78, half of lot 46, and one acre of lot 19. The chain of title relied on as to the last two parts of lots was as follows: Deed from James Gibson to Duncan Worthan, dated October 16th, 1847; deed from B. W. Cochran to W. S. Zellars, dated January 14th, 1871; deed from W. S. Zellars to plaintiff, dated March 10th, 1873. As to the part of lot 78, the claim was this: Deed from J. S. Cook to J. W. Thomas and W. P. Davis, dated September 23d, 1869; deed from Thomas and Davis to Levi Ballard, dated December 26th, 1870; deed from Ballard to plaintiff, dated March 10th, 1873.

Plaintiff insisted that defendant was estopped from denying his title, because he had induced plaintiff to take it, the transaction being virtually a loan to defendant and a taking of title for him by plaintiff until the payment of money loaned by plaintiff to obtain it and to pay off certain *fi. fas.*; also because defendant told plaintiff that the title came through Cochran and Ballard, and were good.

The jury found for the plaintiff. Defendant moved for a new trial, which was refused, and he excepted.

JOHN S. BIGBY; L. S. ROAN; JAS. T. SPENCE; H. C. PEEPLES, for plaintiff in error.

THOMAS W. LATHAM, for defendant.

Nix *vs.* Collins.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant in the statutory form to recover the possession of certain lands therein described. On the trial of the case the jury found a verdict for the plaintiff for the premises in dispute. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

1. It appears from the evidence in the record, that the plaintiff offered in evidence a deed from Gibson to Worthan, and a deed from Cochran to Zellars, and a deed from Zellars to Collins, the plaintiff, as evidence of his legal title to the land sued for, and the question is whether the plaintiff showed such a legal title to the land in himself as would entitle him under the law to recover the possession of it from the defendant? In our judgment he did not, inasmuch as the plaintiff was bound to recover upon the strength of his own title, and not upon the weakness of the defendant's title.

2. It was insisted, however, in view of the facts of this case as disclosed in the record, that the defendant was estopped from denying the plaintiff's title to the land. However that might have been, if the plaintiff had instituted an equitable proceeding to obtain his just rights in view of the peculiar facts of the case, instead of suing for the land upon his alleged legal title, we express no opinion, but we reverse the judgment on the ground that the plaintiff did not show such a legal title to the land in dispute as entitled him, under the law, to recover the possession of it from the defendant in an action of ejectment.

Let the judgment of the court below be reversed.