## WHITE *v.* COLUMBUS IRON WORKS COMPANY.

113b  577
f113  952

113  577
115  751
115  926

Sustaining a particular objection to a specific question propounded to a witness testifying in his own behalf, and excluding the answer thereto which counsel for this party stated that he expected the witness to make, is not cause for a new trial, when it affirmatively appears that in the course of the examination

37

of the witness he was allowed to testify to the same fact as that which his counsel desired to elicit in answer to the particular question.

Submitted May 4, — Decided May 23, 1901.

. Complaint. Before Judge Willis. City court of Columbus. December 15, 1900.

*J. H. Worrill,* for plaintiff in error.    *J. H. Martin,* contra.

LEWIS, J.    The Columbus Iron Works Company brought suit against Mrs. Mary E. White, in the city court of Columbus, upon her promissory note for $648.15.    The note recited that it was for the "purchase-price of steam-engine, boiler, and a gin, with belting and fixtures," and contained a waiver of homestead and exemption. The defendant filed an answer denying her indebtedness on the note in any sum.    She admitted its execution and delivery, and that she had never paid any part thereof.    She alleged further in her answer that the note was given for an indebtedness due by her husband to the plaintiff, a part of which was for an engine, boiler, and fixtures sold to him by the plaintiff, and the balance for an account due the plaintiff by her husband, and that the note given by her was simply an assumption of the debt of her husband.    Having admitted the execution and delivery of the note, she assumed the burden of proof.    The defendant testified that her husband originally bought a gin outfit from the plaintiff, for which he gave his note, and that at the time of the execution of the note sued upon in this case she agreed to pay the balance due upon her husband's note, he having paid a part of it.    She was positive in her testimony that she did not buy the property from the plaintiff, nor from its attorneys, but that her note was given for the balance due by her husband to the plaintiff.    She stated: "I was willing to take the engine, press, boiler, for the balance Mr. White owed, that is the note and on that account in there, and gave my note to pay this debt."    It also appears that prior to the execution of the note sued on in this case the property in question was levied on under a fi. fa. against the plaintiff's husband, and she filed a claim, alleging that the property was her own.    The evidence for the plaintiff was to the effect that, upon its failure to collect from White the amount of his indebtedness for the engine, boiler, and fixtures, an agreement was made whereby White returned the property to the plaintiff and his debt was canceled; and that afterwards Mrs. White bought the

property as her own, giving therefor her note for the amount of her husband's indebtedness at the time the agreement was made to which reference has been made. All of the plaintiff's witnesses swore that Mrs. White was explicitly informed that the property no longer belonged to her husband, but to the plaintiff, and that she was buying it from the plaintiff anew. They also swore that no persuasion was used to induce her to sign the note. Upon these facts the case went to the jury, who found for the plaintiff the full amount sued for. The defendant made a motion for a new trial, to the overruling of which she excepts.

Complaint is made in the motion that the court erred in refusing, upon objection by counsel for the plaintiff, to allow the defendant, while on the stand, to answer the question, "What was the note given for?" The defendant's counsel stated that he expected to show by the witness that, of the amount of the note sued upon, $139 was for an account due by the defendant's husband to the plaintiff, and that the balance thereof was the amount of an old note given by the defendant's husband to the plaintiff, the note sued upon being an assumption by the defendant of both of these debts of her husband. We find, from an examination of the brief of the evidence, that this proof was fully brought out in the examination of the defendant while she was on the stand as a witness in her own behalf, in her attack upon the consideration of the note upon which suit was brought. We can see no harm to the defendant, therefore, in excluding the answer to this particular question. Especially is this so in view of the fact, as disclosed by the record, that the judge charged the jury in a manner favorable to the defendant upon the very point which was attempted to be made by this question and which was brought out in other portions of the testimony of the same witness. This case is easily distinguishable from that of *Howell* v. *Howell*, 47 *Ga.* 492. There it was sought to introduce cumulative evidence upon a point as to which the testimony was conflicting, in order to strengthen the case. The lower court refused to admit the evidence offered, and afterwards granted a new trial on account of this ruling. The case was reviewed by this court, and the judgment of the court below granting a new trial was affirmed. In the present case the evidence sought to be introduced was simply cumulative of the testimony of the same witness, and would have amounted only to useless repetition if it had been

admitted. We do not see that the defendant was hurt by its exclusion, and we can not, therefore, reverse the judgment on that account. The other grounds of the motion for a new trial are not discussed, as we do not believe that they have any merit. The charge of the court was full and fair in every particular, and the evidence was amply sufficient to support the verdict rendered.

*Judgment affirmed. All the Justices concurring.*