McDANIEL *et al.* v. ALLISON, SHEARER & COMPANY.

LUMPKIN, P. J. 1. An exception to a ruling made during the progress of a trial will not be considered by the Supreme Court if presented for the first time by a bill of exceptions and it does not affirmatively appear therefrom or from the record that the bill of exceptions was tendered within thirty days from the adjournment of the term of the court at which the case was tried. *American Freehold Land Mortgage Co.* v. *Walker*, ante, 737. The question whether or not the judge who presided at the trial of the present case erred in directing a verdict for the plaintiffs is not properly before this court, no complaint thereof having been made in the motion for a new trial, and this court having no jurisdiction to consider the assignment of error with respect to this matter made in the bill of exceptions.

2. Refusing to admit testimony as to a declaration made by an agent of one of the parties to a case, the same being offered for the purpose of showing the intention with which he had done a particular act, is certainly not cause for a new trial when it affirmatively appears from the record that the witness by whom it was sought to prove such declaration was permitted to testify to other facts showing not only that such intention existed but was actually carried into effect. See *White* v. *Columbus Iron Works Co.*, 113 *Ga.* 577, and *Doggett* v. *Exchange Bank*, Id. 950.

3. There was ample evidence to sustain the verdict, and the court below did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided June 10, 1902.

Complaint.   Before Judge Williams.   City court of Waycross.
December 23, 1901.

*John T. Myers* and *Spence & Branham*, for plaintiffs in error.
*R. A. Hendricks* and *J. Walter Bennett*, contra.