## ELLIOTT *et al. v.* BANKS, administrator.

LITTLE, J.   1. Refusing to allow a witness to answer a particular question, even if erroneous, is not cause for a new trial, when it appears that the witness did testify to all the facts within her knowledge relating to the subject-matter of her examination.   *White* v. *Columbus Iron Works Co.,* 113 *Ga.* 577 ; *Doggett* v. *Bank,* Id. 950.

2. Nor will a new trial be granted for excluding testimony which, even if relevant, was of such slight probative value that it was not in the least degree probable that admitting the same would have affected the result.

3. The widow of an intestate whose administrator is the defendant to an action for land, brought April 24, 1900, by the heirs at law of another intestate, is not, though interested in the result of the suit, disqualified from testifying as to a transaction with respect to the land, which occurred between the two intestates.

4. Though it is the usual and natural course for the purchaser of land, on paying a purchase-money note given therefor, to take up the note, and, if it be for the full balance due on such purchase, to also take a deed to the land, it was not, in the trial of an issue as to whether or not the purchaser of the land in controversy had paid therefor, improper to refuse to charge the jury, in effect, that a failure on his part to take up the purchase-money note for such balance, or to obtain a deed, raised a presumption of law and of fact that the land had not been paid for.   While such failure would be a strong circumstance tending to show non-payment, it does not go to the extent of raising such a presumption as that indicated.

5. The evidence warranted the verdict, and the newly discovered evidence was not of such a character as to require a reversal of the judgment denying a new trial.

*Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided July 19, 1902.

Complaint for land. Before Judge Lumpkin. Fulton superior court. September 17, 1901.

In September, 1861, Marshall M. Elliott contracted to sell 222 acres of land to Edward R. Elliott, his brother, for $2,000, making a bond for title and taking two notes for $1,000 each, the first due on December 25, 1861, and the second due one year thereafter. The first note was paid at maturity, and Edward R. Elliott went into possession of the land and so remained until his death in 1889. On the second note was a credit of $215, dated June 2, 1862. This note remained in the possession of Marshall M. Elliott until his death in 1888. In 1890 the heirs of Marshall M. Elliott brought suit against the administrator of Edward R. Elliott, to recover the land. Among the defenses set up was the contention that the second note was paid by Edward R. to Marshall M. Elliott, and that thereby Edward R. obtained a perfect equity, although no deed appeared to have been made. The trial was confined to this issue, and the jury, upon conflicting evidence, found for the defendant. The plaintiffs excepted to the overruling of their motion for a new trial. This motion contains the following grounds:

1. Error in ruling out a question propounded to Mrs. Rebecca D. Elliott (widow of Marshall M. Elliott), whether she ever knew of his collecting from Ed. Elliott the money due on the note in question, and her answer that she did not; it having previously appeared from the testimony of this witness that she had lived with her husband from their marriage in 1843 to his death, and that she had the custody and control of his money, papers, keys, etc., and kept them locked up for him during that time.

2. Error in ruling out testimony of the same witness, that Marshall M. Elliott did not leave any money at the time of his death. Movants contended that this was relevant in connection with the other testimony of this witness, wherein it appeared that Marshall M. Elliott had made no investment of any large sum of money before his death and after the date when it was claimed by the defendant that this money was paid.

3. Mrs. Lucretia Elliott, the widow of Edward R. Elliott, testified, that the last payment upon the land was made in 1866 or 1867; that her husband told her to get his money for him, saying that he was going so pay Marshall, who was then present; that she went and got the money, and they made her stay and help count it

out; that she went back to her dinner, and they came in where she was, and Marshall said, "Now, Cretia, you have got a good home; me and Edmond has settled up, and it will last you a lifetime," adding, in answer to her inquiry, that there were 240 acres of land, more or less. The plaintiffs moved to rule out the statement that Marshall Elliot made at the time the money was paid, on the ground that the witness was incompetent to testify thereto. The motion was overruled.

4. Error in refusing a request to charge the jury as follows: " It is a presumption of law and of fact that if E. R. Elliott had paid the note introduced in evidence, and the same was given as a part of the purchase-money of land and for the last payment due thereon, and the other note or notes had been previously paid, he would have obtained a deed to his land at the time he paid the note. The fact that he failed to get a deed to the land sued for, at the time that he or his administrator claims that he paid the note, raises a presumption that he did not pay the money as claimed."

5. The verdict is contrary to law and evidence. And since the trial the plaintiffs have discovered the record of a litigation between E. R. Elliott and Lee L. James, of which neither they nor their counsel knew before the verdict was rendered, and which contradicts the testimony of Mrs. Lucretia Elliott in a most material particular, and thereby discredits all of her testimony; she having testified, on cross-examination, that her husband obtained about $1,700 in gold from a sale of other land to James during the war or soon after, and the record so discovered going to show that the payment by James to Elliott was not made until 1873.

*Simmons & Pettigrew,* for plaintiffs.
*Arnold & Arnold* and *L. Z. Rosser,* for defendant.