# 830

No. 7527. JANUARY 15, 1930. REHEARING DENIED FEBRUARY 22, 1930.

*M. C. Barwick,* for plaintiffs.

*Callaway & Howard, Fullbright & Burney,* and *H. Cliff. & William J. Halcher,* for defendants.

HINES, J. Fannie Warren Wilkins died testate in October, 1912. She named Wm. H. Davis and R. C. Neely, executors of her will, and they duly qualified. The 7th item of her will is as follows: · "It is my will and desire that Wm. H. Davis, my son-in-law, purchase from my executors the negro houses owned by me in what is called the 'Park,' and I will and direct that my executors sell them to him, including all the land about them, if he will take them, at and for the sum of ($1500.00) fifteen hundred dollars." By the 8th item she directed that her executors divide into two equal parts all her other property not before in her will disposed of, one part of which she gave to her nieces Julia and Louise Warren, daughters of her deceased brother, George W. Warren, share and share alike, and the other half she gave to her brother Thomas H. Warren, and his daughters Fannie and Margaret, the income of which was to be used by them for and during the life of the said Thomas H. Warren, and at his death to vest immediately in said daughters, if they are in life, or to the survivor. Thomas H. Warren was to have the management of said property during his life without giving any bond or making any returns of his acts or doings to any court whatsoever.

On April 23, 1929, Louise Warren Gamble, Julia Warren Yearns, Fannie Warren Rhodes, and Margaret Warren Denny, the legatees named in the 8th item, filed their complaint against the executors of Neely, the administrator of Davis, and B. H. Jones, for the recovery of the property mentioned in the 7th item, and for mesne profits. They alleged the foregoing facts, and made these additional allegations: R. C. Neely is dead, and Lillie Wilkins Neely, R. C. Neely Jr., and Albert W. Neely are the executors of his will. W. H. Davis is dead, and F. S. Burney is the administrator of his

estate. Testatrix died seized and possessed of the real estate devised in the 7th item of her will. Plaintiffs claim title to said real estate under the 8th item. R. C. Neely and W. H. Davis were in the possession of said property as executors until the death of R. C. Neely, and since said time Davis was in possession until his death, collecting the rents therefrom, after the death of testatrix. Thomas H. Warren is dead, and the property mentioned in the 7th item is nowhere given by the will to any one else, and under its terms becomes the property of plaintiffs. The executors failed to divide the same into two equal parts, as directed, and deliver the same to the legatees. Petitioners now elect to recover jointly. The administrator of Davis was in possession of this property at the time of the filing of this suit, and was collecting rents therefrom. The petition does not set out the dates of the deaths of said Neely and Davis.

The administrator of Davis demurred upon the ground, among others, that the petition set forth no cause of action. The other grounds of the demurrer were cured by an amendment. The trial judge sustained the demurrer and dismissed the petition. To this judgment the plaintiffs excepted.

■ Item 8 of the will does not directly devise to the plaintiffs the land mentioned in item 7. If the plaintiffs are entitled to any interest in the real property in dispute, it must be by virtue of the 8th item, and by treating that item as a residuary clause disposing of the property mentioned in the 7th item. Before any title would vest in the plaintiffs under that clause, two things would be essential. The first of these is that all of the testatrix's debts and specific legacies must have been paid. The second is, that, after paying all the debts and specific legacies, there was any property left to pass under item 8 treated as a residuary clause. The plaintiffs having failed to allege these two essentials, and having failed to allege that there was a residuary estate after payment of the debts of the testatrix and specific legacies, and that the lands involved in this case constituted a residuum of the estate of the testatrix, the petition failed to make out a case entitling the plaintiffs to recover the premises in dispute; and the trial judge properly sustained the demurrer. *Moore* v. *Kiser,* 144 *Ga.* 460 (87 S. E. 403).

■ A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title. *Stanford* v. *Mangin,* 30 *Ga.* 355; *Nix* v. *Collins,* 65 *Ga.* 219.

832

■ The petition alleges that Neely and Davis were in the possession of the premises in dispute as executors until the death of Neely, the date of his death not being given, and that since that time Davis was until his death in the possession of said property, collecting the rents therefrom, "after the death of testatrix." It was the duty of Davis, when he took possession of this property and collected the rents therefrom as his own, to pay for the same, and his failure to do so would make him guilty of a culpable neglect of duty. In these circumstances, and after the lapse of more than 16 years after the death of the testatrix, it ought to be intended that he performed this duty, and that he took and paid for this property under item 7 of the will, unless the contrary was alleged in the petition. *Nicholson* v. *Spencer,* 11 *Ga.* 611.

■ Applying the principles above ruled, the trial judge did not err in sustaining the demurrer to the petition and dismissing the action.      *Judgment affirmed. All the Justices concur.*