McWILLIAMS *et al* v. McWILLIAMS *et al.*

No. 16950. February 13, 1950.

*James R. Venable, H. C. Morgan,* and *Frank T. Grizzard,* for plaintiffs.

*H. O. Hubert Jr.,* and *W. E. Cobb,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The evidence to establish the non-payment of the notes in question was not sufficient to overcome the presumption of payment by reason of the lapse of time from the date the notes were due and the time of the institution of the proceedings. The last of the notes here in question was due November 1, 1914; and the action depending upon the non-payment thereof was not instituted until January 22, 1946, a period of more than thirty-one years.

Mere lapse of time after a debt becomes due may raise a presumption of payment. "A judgment is presumed to be paid after twenty years." *Burt* v. *Casey,* 10 *Ga.* 178; *Willingham* v. *Long,* 47 *Ga.* 540 (1) ; *Collier* v. *Bank of Tupelo,* 190 *Ga.* 598, 602 (4a) (10 S. E. 2d, 62). "After the lapse of thirty years and upwards, it is legitimate to presume that all the debts of an estate, if there were any, have been paid." *Coleman* v. *Lane,*

26 *Ga.* 515 (1). The law presumes that after twenty years the purchase-price for land has been paid. *Patterson* v. *Campbell,* 136 *Ga.* 664 (4) (71 S. E. 1117). See also 48 C. J. 690, 693. Conversely, where land was purchased on credit, in a trial on the issue of whether or not the full purchase-price had been paid, the failure to take up the notes or to obtain a deed does not raise a presumption that the purchase-price had not been paid. *Elliott* v. *Banks,* 115 *Ga.* 926 (4) (42 S. E. 218). For other cases dealing with the presumption of payment from the lapse of time, see *Milledge* v. *Gardner,* 33 *Ga.* 397; *Hooper* v. *Howell,* 52 *Ga.* 315 (3); *Janes* v. *Patterson,* 62 *Ga.* 527 (3); *Norton* v. *Aiken,* 134 *Ga.* 21· (4) (67 S. E. 425); *Gamble* v. *Burney,* 169 *Ga.* 830, 832 (3) (152 S. E. 73).

In view of the undisputed evidence that the defendant had been in sole and absolute possession of the premises for more than thirty years, that he was in possession of two of the notes with payments appearing thereon, and the other two notes were not produced, that no proceeding for the collection of the notes or the recovery of the premises had been instituted for more than thirty years, the presumption of payment arising from such facts was not overcome by the testimony of Bertice McWilliams and Mrs. Mize, which, at best, was vague and indefinite as to non-payment.

Under the facts, the defendant had a perfect equity, equivalent to a legal title (see *Toms* v. *Knighton,* 199 *Ga.* 858 (1) 862, 36 S. E. 2d, 315, and citations), which demanded a verdict in his favor; and, accordingly, it becomes unnecessary to rule upon the questions raised in the amended motion for new trial.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., who dissents.*