### 24996.   OUTLAW et al. v. OUTLAW.

SUBMITTED JANUARY 13, 1969—DECIDED FEBRUARY 6, 1969.

*Edward Parrish, Elsie H. Griner,* for appellants.

*E. R. Smith, Sr., Knight & Perry, W. D. Knight,* for appellee.

GRICE, Justice.   The issue here is over the boundary dividing land owned by one of the appellants on the south from that belonging to the appellee on the north.   The appellants contend that the line is the north side of a designated swampy area known as Beaver Dam Bay, while the appellee insists that it is the "run," or thread or center of a non-navigable stream through this area.

This issue arose when W. H. Outlaw filed suit in the Superior Court of Berrien County, Georgia, against Mrs. Bertha Outlaw, and her son W. V. Outlaw, seeking to enjoin them from interfering in the cutting of timber upon land located in that county which the plaintiff claims he owns.   The defendants, in their answer and cross action, contended that the land in dispute belongs to Mrs. Bertha Outlaw and sought injunctive relief against further cutting there.

Upon the trial oral and documentary evidence was introduced, much of which involved the nature of the area referred to above. The jury returned a verdict for the plaintiff.

The enumerations of error are in substance that the verdict was not supported by the evidence, and that the court should not have charged the jury as to the effect of a run through Beaver Dam Bay.

■ The verdict, as we view it, was supported by the evidence.

The plaintiff held under a 1933 deed to him and his brother, which described the property as lying "north of Beaver Dam Bay," and a 1939 deed from the brother to him, describing it as being "bounded on the south by Beaver Dam Bay."

The defendant Mrs. Bertha Outlaw based her claim on documents not inconsistent with those of the plaintiff. She held under a 1906 deed from two parties to her husband J. N. Outlaw, which described the line as running "along" Beaver Dam Bay, and a 1963 year's support proceeding which described the property as being bounded on the north "by lands of . . . [the plaintiff]," and referred to a plat designating the line as the "center of swamp."

It is a well known principle that "The beds of streams not navigable belong to the owner of the adjacent land; if the stream of water is the dividing line, each owner is entitled to the thread or center of the main current. . ." *Code* § 85-1302. This court has said that "It is well settled . . . that where land is bounded by a non-navigable stream the boundary extends to the center or thread of the stream. Such has ever been the law in this state. [Citations.]" *Boardman v. Scott*, 102 Ga. 404, 406 (30 SE 982, 51 LRA 178). See *Stanford v. Mangin*, 30 Ga. 355.

While there were conflicts in the evidence, there was some evidence that Beaver Dam Bay had a non-navigable stream with a run or thread, and that under the title documents such run is the line. The jury was authorized to find that the boundary was the center of the stream, and that there was no acquiescence in any other line by the parties.

A different result is not required by defendants' contention that regardless of whether there was a run in the Bay, the title documents provide for the boundary being the north side of the Bay. Such documents do not support this contention.

■ In view of the foregoing evidence and principle of law,

it was not error to charge the jury in substance that if the Bay had a run through it, under the description in the title documents to the adjoining owners calling for the Bay as the dividing line the center or run of the Bay would be such dividing line, unless it was shown that this line was changed by acquiescence in some other line. This charge was a correct statement of law and was adjusted to the issues.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating, absent due to illness.*