EDWARD BROUGHTON, plaintiff in error, *vs.* JOHN P. THORNTON, administrator, defendant in error.

1. A tenant occupied a store-room from September, 1870, to December, 1871. In September, 1870, it was agreed between him and the landlord that he, the tenant, should have the store repaired, and the cost thereof should be deducted from the rent, and the repairs were then made. In December, 1870, he gave the landlord his note, expressing therein that it was for the rent of the store-room he then occupied, to be paid quarterly. The Court was requested by defendant to charge the jury, that the agreement as to the repairs rebutted the presumption of law that the giving of a note was evidence that there had been a settlement of accounts:

*Held,* That the refusal of the Court so to charge was not error.

2. The evidence does not sufficiently show that the damages were caused by the leaking of the store during the year 1871, to authorize this Court to grant a new trial, because the jury did not allow for them in the verdict.

Landlord and tenant. Presumption. Promissory notes. New trial. Troup Superior Court. May Term, 1873.

Thomas J. Thornton brought complaint against Edward Broughton on the following note:

"$150 00.          LaGrange, December 4th, 1870.

"I promise to pay Thomas J. Thornton one hundred and fifty dollars for the rent of the store-room I now occupy of his, to be paid quarterly.

(Signed)                  "Edward Broughton."

Pending the litigation, the plaintiff died, and his administrator, John P. Thornton, was made a party in his stead.

The defendant pleaded as follows:

1st. The general issue.

2d. That the consideration for which the note sued on was given has partially failed, in this that the plaintiff contracted to put the store-room rented by defendant in proper repair for the protection and sale of goods, which he has wholly failed to do.

3d. That the plaintiff was indebted to him, before the commencement of this suit, in the sum of $230 50, a portion of which amount was paid out at the request of the plaintiff for repairs on said store-room, and which he agreed should be taken out of said rent; that the balance is due for damage done to the goods of said defendant on account of the plaintiff's failure to make the repairs in accordance with his contract; that defendant prays judgment for the surplus over and above plaintiff's claim.

To this last plea was attached a bill of particulars for money expended on the store-room during the months of September, October and December, 1870, aggregating $138 50—all of which, with the exception of $14 00, as far as can be judged from the character of the items, was for improvements and additions, such as counters, shelving, etc. The remaining items are for damages to various articles of merchandise. These are without date.

The evidence presented the following facts: Under the contract between the plaintiff's intestate and defendant, the latter was to have shelves, counters and a partition erected in the store-house, and the cost thereof was to be deducted from the rent. The roof was in a bad condition. This was to be

repaired by the plaintiff's intestate. All repairs on the inside of the house, such as plastering, etc., was to be paid for by defendant, and to be deducted from the rent. All that was incumbent upon the defendant to have done, was performed, and his account in this particular was shown to be substantially correct. The damages to his goods, without fixing any particular date when sustained, were shown to have been about $70 00. The leaking occurred in the winter of 1870 and 1871. There was no testimony showing definitely any damage to have occurred after the date of the note sued on. The contract between the plaintiff's intestate and the defendant for the renting of the store, was made in September, 1870. The larger portion of the work for which plaintiff paid, was proven to have been done in the same month in which the said contract was made, and to have been worth $134 00, though the plaintiff only paid $120 00 for it.

The defendant requested the Court to charge, "that if the they believed from the evidence that the plaintiff's intestate authorized the defendant to put the improvements, to-wit: counters, shelves, plastering and partition, in the store room, and that the amount of the cost was to be deducted from the rent, then the presumption in favor of the plaintiff that the giving of the note was a settlement of all accounts between them, would be rebutted."

The Court refused so to charge, and defendant excepted.

The jury found for the plaintiff $150 00, with interest. The defendant moved for a new trial, because the verdict was contrary to the evidence and the law, and because the Court refused to charge as requested.

The motion was overruled, and defendant excepted.

MABRY, TOOLE & SON, for plaintiff in error.

W. W. TURNER, for defendant.

TRIPPE, Judge.

1. The tenant occupied the store-house from September, 1870, through the balance of that year, and 1871. In Sep-

tember, 1870, it was agreed between him and the landlord that he, the tenant, should have certain repairs done, the cost of which should come out of the rent.   The repairs were immediately made, and four months thereafter, in December, 1870, the tenant gave the landlord his note, stating in it that it was for the rent of the store-house he then occupied, and was to be paid quarterly.   When sued on this note, the tenant pleaded as a set-off the amount he had paid for repairs.   On the trial, the Court was requested to charge the jury, that the agreement as to the repairs rebutted the presumption of law that the giving of a note was evidence that there had been a settlement of accounts.   We do not see why the defendant below was entitled to this charge.   In *Baldwin vs. Walden*, 30 *Georgia*, 829, it was held that a credit on a note, put there by the maker, is presumptive evidence that there was no account due by the holder to the maker.   As early as in the case of *Mills vs. Mercer and wife, Dudley's Reports*, 158, the same principle was held, to-wit: that the execution of a promissory note is evidence, in law, of a full settlement of all accounts up to the date thereof, except such as are specially excepted at the time.   Of course, proof to rebut this presumption is admissible.   Does the fact that, four months before the note sued on was given, a contract was made between the tenant and the landlord, as above stated, take this note out of the rule, as to the presumption in such cases generally?   Does not the fact that the agreement was, that the rent was to be reduced by the cost of the repairs, strengthen the presumption that the tenant would not have given his note when, at the same time, he held an account *against the rent* which was to lessen it to the amount of that cost?   There was also the rent from September to December to be accounted for.   We do not think there was error in the refusal of the Court so to charge.

2. As to the damages caused by the leaking of the roof of the store-house, it does not sufficiently appear that they occurred during 1871, so as to demand that the verdict be set aside, on the ground that the jury did not deduct them from

the amount of the note. The testimony very strongly suggests that this damage was done before the note was given, and if so, the same question arises on this point as to the claim for the damages, if any, having been adjusted between the parties before the note was given, as arose in reference to the presumption of payment of the account for repairs. After the death of a creditor, it is but justice that his estate shall have all the presumptions in his favor which are allowed by the law fairly enforced.

Judgment affirmed.