## McIntyre, executrix, *vs.* Meldrim.

1. The scaling ordinance of 1865 is not applicable to an account contracted prior to June, 1861 ; and the circumstances of this case furnish no warrant for scaling the account. If there were mutual ante-war demands, and one party voluntarily received Confederate money in payment, during the war, leaving the other's debt unpaid, the amount of the latter is unaffected.
2. Payment may be established by indirect evidence, and without fixing the time, place, or mode. A presumption that an account is paid will arise if after the account is due the creditor gives notes and due-bills to his debtor, thereby apparently reversing the relation of the parties.
3. Counsel in a suit by an executrix are not, as such, her agents to receive proposals of settlement otherwise than in cash, or notice of a demand against the testator's estate in favor of the defendant in the action, such demand not being pleaded in defense; nor can the

executrix be affected by conversations between that defendant and his counsel, or between the two sets of counsel, in respect to the existence of the demand, a desire to settle, or a purpose to enforce it.

4. It is inaccurate for the court to charge the jury as if receipts were mentioned in a suit or judgment when they are not mentioned. And a charge which the jury would probably understand as denying, as matter of law, that a presumption of payment arises as to a prior over-due account. when due-bills are given by the creditor to the debtor, is erroneous,

5. A mere presumption of payment is disputable, and may be rebutted or explained.

6. If in truth there be mutual demands unpaid, and one party collects by suit, no defense being made, the other has a right to collect also.

7. A new trial should have been granted on certain grounds of the motion.

Scaling ordina ice. Payment. Evidence. Attorney and client. Charge of Court. Actions. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1878.

Meldrim brought complaint against Mrs. Frances Mc Intyre, as executrix of James McIntyre, deceased, on an account, the bill of particulars of which was as follows, besides other items as to which there was no evidence:
"To cash received by said James McIntyre, on
October 4, 1859, on a promissory note made by
Mrs. Mary Marshall, payable at twelve months,
for $1,000.00.............................$1,000.00
"Interest on $1,000.00 from October 4, 1859.... ―――――"

The defendant pleaded the general issue and payment. She subsequently proposed to amend by setting up as an equitable defense the facts stated in the first division of the opinion. This the court refused to permit.

The plaintiff's evidence embraced:

1. The depositions of Isaac W. Avery, who had been a clerk for Lloyd & Owens, attorneys-at-law, and while so employed had represented Mrs. Marshall in effecting a settlement with Meldrim, McIntyre acting for Meldrim, for the rent due by Meldrim to Mrs. Marshall, for the hotel known as the Marshall House, in which settlement Mrs.

Marshall gave her note for $1,000.00.   Meldrim could not pay the rent and sold his furniture to Mrs. Marshall; the note, the witness thought, was payable to McIntyre, but his recollection was vague.

2. The deposition of Mrs. Mary Marshall: She had paid James McIntyre money on a promissory note; the note was made in favor of James McIntyre, for $1,000.00, payable twelve months after date, but did not know whether the money was paid for himself, or to be given to another person.

3. The following receipt:

"SAVANNAH, Oct. 4, 1859.

Received from Mrs. Mary M. Marshall a note for one thousand dollars, payable twelve months after date, which is the property of Mr. Ralph Meldrim.

$1,000.00.          (Signed)          JAMES McINTYRE."

4. The evidence of Mr. Norwood, plaintiff's attorney, who stated that he was Meldrim's attorney when Mrs. McIntyre, as executrix of her husband's will, brought suit against him in 1863; engaged to see Messrs. Ward & Jones, her attorneys, with a view to settle the case.   He called and stated Mr. Meldrim's demand for $1,000.00, now sued for; whether the other items of the account sued for by Meldrim and afterwards abandoned, were presented at the time, he can't remember.   He did not remember which one of the firm of Ward & Jones he saw, but whichever it was, said he would see about having a settlement.   Witness never heard anything further of the case until he learned that a judgment had been obtained against Meldrim ; witness then advised him that it would be well to pay the judgment and sue on his demand.   He took this advice, paid the judgment, and brought this suit.

The evidence submitted by the defendant was as follows:

1. Record of suit and judgment in favor of Frances McIntyre, executrix of James McIntyre, vs. Ralph Meldrim ; service of process by sheriff, April 25, 1863, suit returnable to May term, 1863, Chatham superior court, on the following evidences of debt:

| | | | | |
|---|---|---|---|---:|
| Promissory note dated March 21, 1861, at 90 days | | | | $ 645 21 |
| " | " | " | March 28, 1861, at 4 months | 651 20 |
| Due-bill | " | " | June 6, 1860 | 15 00 |
| " " | " | " | June 9, 1859 | 35 00 |
| " " | " | " | November 21, 1859 | 100 00 |
| " " | " | " | February 15, 1861 | 175 00 |
| " " | " | " | March 3, 1861 | 5 00 |
| " " | " | " | April 21, 1861 | 100 00 |
| " " | " | " | May 10, 1861 | 50 00 |
| " " | " | " | May 24, 1861 | 100 00 |
| " " | " | " | August 21, 1861 | 100 00 |
| " " | " | " | September 11, 1861 | 100 00 |
| " " | " | " | September 17, 1861 | 50 00 |
| " " | " | " | September 19, 1861 | 100 00 |
| " " | " | " | September 24, 1861 | 300 00 |

Total in notes and due-bills................................ 2,526 41

" open account. ............................................ 110 00

$2,636 41

There was no plea or appearance for Meldrim, and the suit resulted in a verdict and judgment for the full amount sued for, January 12, 1864. The judgment was satisfied February 19, 1864.

2. The testimony of Mrs. McIntyre, the defendant: Her husband, in his lifetime, had paid all of the money sued for to the plaintiff. She saw some of the money paid, herself, and it was paid in various sums from five dollars up to two and three hundred dollars. The payments were made from time to time, commencing shortly after the note was given to her husband, up to September, 1861. Meldrim gave due-bills or receipts from time to time for the amounts paid to him. Meldrim required the money to live on; he had failed in business, and had no other means of support. James McIntyre died February 8, 1862. Shortly before her husband died he put in her hands a large pocket-book containing a number of notes and due-bills; among these due-bills and notes were some made by Meldrim. Witness notified Meldrim that she had these notes; he paid no attention to her notice. After her qualification as executrix she gave the usual notice to debtors and creditors

required by law.  Meldrim never presented this claim against the estate, nor made any demand whatever for payment or settlement.  After waiting the expiration of the year after the death of her husband, she gave the notes and due-bills of Meldrim to Messrs. Ward & Jones, her lawyers, for collection; they brought the suit which has been offered in evidence.  Meldrim never made any defense, never made any claim whatever against the estate.  After the war, when she had left the city for the North, to educate her children, he brought this suit against her; the estate does not owe him anything.  She had all her husband's papers.  She did not find any other notes, due-bills, or receipts except those set forth in the judgment and those offered in evidence here; the receipt for $200.00 and order for $5.00 were found sometime after Meldrim brought suit; in the confusion resulting from removal from the city, and during the war, some of her husband's papers were lost.  Meldrim paid the judgment against him in 1864, in Confederate money.

3.  Copy of receipt offered in evidence:

"SAVANNAH, July 16, 1861.

"Received of James McIntyre two hundred dollars on account.
"$200.00.                                    RALPH MELDRIM."

"FRIDAY, May 19, 1860.

"Friend McIntyre, will you be kind enough to let bearer have $5.00 until I can get well enough to get out.
"Yours,                                    MELDRIM."

The jury rendered a verdict for the plaintiff for $795.00, with interest on $1,000.00 from October 4, 1860, to July 16, 1861, and interest on $795.00 from July 16, 1861, to June 4, 1878.

The defendant moved for a new trial upon the following, among other grounds:

1. Because the court erred in refusing to allow the defendant to amend her pleas as hereinbefore stated.

2. (3) Because the court erred in admitting the testimony of Mr. Norwood in relation to facts connected with the suit brought by the defendant against the plaintiff in 1863,

and occurring prior to the judgment in said case, and his statement to the then attorneys of defendant.

3. (5) Because the court erred in charging as follows: " If it appears from the evidence introduced by the defendant, that Mrs. McIntyre, as executrix of her husband, sued Meldrim in this court, in 1863, for some $2,800.00, and recovered judgment against him for the amount sued for, no defense to this action being made, but if you find, from the evidence, that Meldrim had a counter-claim against the plaintiff in that suit, whilst he had a right to plead it yet he was not bound to set it off, but could bring a separate action for the same. And the fact that he allowed a judgment to be taken against him in 1864, which he paid in Confederate money, has nothing to do with this case."

4. (8) Because the court erred in charging the jury as follows: " If you find that the due-bills and receipts sued on by Mrs. McIntyre against Meldrim in 1863, were the same as those given from time to time by Meldrim, and you further find no other indebtedness from Meldrim to McIntyre, you should find for the plaintiff, if you are satisfied that McIntyre received the $1,000.00, and the defendant has failed to show that the $1,000.00 was paid in some other way than by the due-bills and receipts named in the judgment of *McIntyre vs. Meldrim*."

(No receipts were mentioned in the suit, verdict, or judgment referred to in this portion of the charge.)

5. Because the verdict was contrary to the law and the evidence.

The motion was overruled and the defendant excepted.

J. R. SALSSY, for plaintiff in error, cited, on refusal to allow equitable plea, Code, §§3479, 3082; 45 *Ga.*, 12, 17, 331; 48 *Ib.*, 619. On error in charge and refusal to charge, 5 Denio, 304; 25 Tex., 252; 3 Rand., 481; 50 *Ga.*, 569; 25 *Ib.*, 184; 30 *Ib.*, 241; 19 *Ib.*, 335; 15 *Ib.*, 258; 50 *Ib.*, 644.

T. M. NORWOOD, for defendant, cited 41 *Ga.*, 82, 675; 54 *Ib.*, 276.

BLECKLEY, Justice.

1. The action was against an executrix, and was brought in the year 1866, upon an account for money had and received by her testator in the year 1860. She cannot, in her defense, take any benefit from the scaling ordinance of 1865, though she offered to plead specially that she qualified as executrix in February, 1862; that among the assets which came to her hands for administration were sundry promissory notes and due-bills of the present plaintiff, payable to the testator, more in amount than double the account now in suit, all of them executed between May, 1860, and October, 1861; that in April, 1863, she brought suit against him upon said notes and due-bills; that he neither pleaded his account as a set-off, nor gave her any notice of its existence; that she recovered judgment against him in said suit in January, 1864, and that he paid off and discharged the same, in the February following, with Confederate money. The voluntary reception of Confederate money by the executrix, upon a judgment in her favor against him, is no reason for scaling the account against the estate which she represents, if the account is just and owing. As it was contracted prior to June 1st, 1861, the scaling ordinance does not apply to it. For these reasons, there was no error in rejecting the proposed amendment to the pleas.

2. The executrix may support the plea of payment by the testator, without producing any direct evidence of the fact of payment, or any evidence whatever of the particular time, place or mode of payment. Presumptive evidence of the fact of payment will be sufficient, unless the presumption is rebutted. That the plaintiff, after his account against the testator became due, gave to the latter notes and due-bills, thereby acknowledging himself a debtor to the testator, would, of itself, raise a presumption that the account was discharged. This presumption would be

strengthened if the notes and due-bills amounted to much more than the account, and if to a suit upon them by the executrix, no defense was made by set-off, or otherwise, but on the contrary judgment was suffered to go by default, and if the judgment was paid off and discharged shortly after it was rendered, the defendant therein not then giving, nor not having previously given, to the executrix any notice of the account, or made any demand upon her for payment, she having, by public advertisement as required by law, admonished all creditors to present their claims.

3. To rebut the presumption of payment arising out of the state of facts recited in the preceding paragraph, testimony is not admissible, to the effect that whilst the suit of the executrix was pending, the defendant therein employed counsel to confer with her attorneys in charge of that suit, with a view to settling the case ; that said counsel called upon them and made known the counter-demand, receiving for answer that they would see about having a settlement ; that the counsel heard nothing further of the case until judgment had been rendered ; and that he then advised the payment of the judgment, and the bringing of suit upon the counter-demand, which advice was taken and carried out. What transpired between the counsel and his client cannot be heard to affect the executrix ; and what transpired with her attorneys, in the way of a proposition for settlement and their response thereto, is equally irrelevant, it not appearing that they had any authority from her to treat in the matter, or to liquidate claims against the estate, or to receive for her or in her stead notice of such claims.

4. The charge set forth in the 8th ground of the motion for a new trial, was delivered in response to a written request presented by the plaintiff below, the defendant in error here. The suit of 1863 was founded upon due-bills and promissory notes ; receipts were not mentioned, either in the declaration or the judgment. It was therefore an inaccuracy to speak of receipts in that connection ; there was no evidence on which to base the allusion, and why the request to charge was so framed is inexplicable. There is dan-

ger that the jury may have understood the court as intimating that the due-bills were themselves receipts, and therefore not affording in their character as due-bills any presumption of the payment of the account before they were given. This danger is increased by another part of the charge which has not been yet referred to: the court charged that promissory notes would raise a presumption of payment, but, so far as appears in the record, no like charge was given in respect to due-bills. The jury would be apt to notice the different treatment of instruments called by different names, and certainly instructions which they would probably understand to mean that, as matter of law, the giving of due-bills is not presumptive evidence of the payment of a prior account which the payee owed the maker, are erroneous.

5. Any mere presumptive evidence of payment is, of course, open to be rebutted or explained by other legal evidence, either circumstantial or direct.

6. If a debtor by account makes advances to the creditor, taking his notes and due-bills for the amounts so advanced, the parties intending to have a settlement and cancel their respective claims, but the former dies, and thereupon his representative brings suit and obtains judgment on all the notes and bills, and collects the whole amount, and the account is in fact unpaid, a suit thereon is maintainable; but the burden of rebutting any fair presumption of payment arising out of the facts and circumstances of the case must be fully met by the living party.

7. The court erred in not granting a new trial on the 3d and 8th grounds of the motion, and on the last sentence in the 5th ground. It was too sweeping to say that the fact that Meldrim allowed a judgment to be taken against him in 1864, which he paid in Confederate money, had nothing to do with the case. It is a circumstance which the jury ought to weigh in connection with the other facts tending to show that his account had been paid by the testator.

Judgment reversed.