## NORTON, administratrix, *v.* AIKEN.

1. In a suit to recover land, where the muniment of title relied on by the plaintiff is a deed to secure a debt from the same person under whom the defendant claims, and the defendant by plea admits the right of the plaintiff to recover unless he establishes his defenses, the defendant has the right to open and conclude the argument.

2. An exception to the admission of evidence, which fails to set out the evidence literally or in substance, presents no question for decision.

3. The admission of irrelevant evidence will not be ground for new trial, where such evidence has no tendency to prejudice the real issues of the case.

4. The failure of a creditor to enforce collection of a note not under seal, but secured by deed, for more than fifteen years after maturity of the note, may be considered by the jury, in connection with other circumstances, in determining whether payment of the note might be inferred.

5. The failure of a creditor to include a note in his tax returns may be considered by the jury as a circumstance in aid of the inference of payment from lapse of time.

6. Self-serving declarations of the creditor are not admissible to show non-payment of the note.

7. Testimony that a creditor was a man of exemplary habits but careless about collecting debts due him is not admissible to show non-payment of a note held by such creditor.

FEBRUARY 17, 1910.

Complaint for land.    Before Judge Lewis.    Greene superior court.    January 4, 1909.

*J. A. Beazley* and *James Davison,* for plaintiff.

*Samuel H. Sibley,* for defendant.

EVANS, P. J.    Mrs. M. E. Norton, as administratrix of W. J. Norton, brought her action to recover a house and lot in the town of Union Point, alleged to be in the possession of Mrs. Elizabeth Aiken.    In the plaintiff's abstract of title it appeared that the deed upon which she relied as putting title in her intestate was one executed by Josephine F. Stokes to W. J. Norton on November 10, 1890, to secure a debt of $135.04.    The deed was duly recorded on November 25, 1890.    The defendant pleaded prescription and payment, and in her plea admitted that W. A. Aiken, under whom she claimed, took title under the same grantor as the plaintiff's. She further admitted the genuineness of the deed from Josephine F. Stokes to W. J. Norton; that it covered the land in dispute, was duly recorded at the time that W. A. Aiken took his title, and is prima facie superior to the title which W. A. Aiken claimed; and therefore she assumed the burden of proving her prescription and payment set out in the answer.    The defendant prevailed at the trial, and the court refused to vacate the verdict and grant the plaintiff a new trial on her motion.    The writ of error is to the refusal of the motion for new trial.

It appeared on the trial that the house and lot in controversy in 1890 was owned by Mrs. Josephine F. Stokes.    On November 10, 1890, Mrs. Stokes executed to W. J. Norton two notes, not under seal, each for $67.52, due thirty days after date, and on that date executed her deed to secure the same, which deed disclosed on its face that it was given to secure these two notes.    On December 30 thereafter, Mrs. Stokes sold the house and lot to William A. Aiken for $950, and removed to Milledgeville, Georgia, where she lived

for about seven years, when she left the State. In the tax returns of W. J. Norton for the years 1891-2-3-4 he returned no solvent notes or debts, and valued his other property at $2,032.00. No other tax returns by him were introduced in evidence. The notes were seen in the possession of Norton by his son-in-law sometime between the year 1902 and April, 1905, the date of Norton's death, when they were taken from his safe. The notes were introduced in evidence. Mrs. Stokes and her husband were sworn as witnesses; she testified that she left to her husband the whole matter of the sale of her house to Mr. Aiken; he testified that Mr. Aiken knew all about the transaction between Mrs. Stokes and Norton before he bought the property, that Mr. Aiken was to pay the notes to Mr. Norton, and witness so informed Mr. Norton, and that the purchase-price of the house and lot was reduced on account of the Norton notes. It was also shown that Aiken was solvent and died in January, 1904. It also appeared that at the time Aiken purchased the house and lot there was a mortgage on the same to Mrs. Durham for eight hundred dollars, which Aiken paid. J. W. Aiken, a son of W. A. Aiken, testified that he was fourteen years old when his father moved to Union Point; that he had lived at the Stokes place since his father purchased it; that his father died about January 23, 1904; that his father was not a very well educated man, and witness read his letters for him and answered them; that no letter came from Mr. Norton to his father respecting this matter; that he never wrote Mr. Norton any letter for his father respecting it, and never heard of the claim until after Mr. Norton's death. It was also shown that W. A. Aiken until the time of his death had been in the continuous, adverse possession of the land under his deed, and since his death his family have remained on the premises. Mrs. Aiken, the defendant, testified that she never heard of Norton's taking any steps to collect this claim; and that she heard her husband say, about the time he purchased the property, that Mrs. Durham had a mortgage on the house that he would pay before Mrs. Stokes would get her money. The plaintiff in error contends that under this evidence a verdict in favor of the defendant is unauthorized.

There is no criticism on the charge of the court respecting the defenses set up in the plea; one of which was that the defendant had a good prescriptive title. In considering the evidence on this

point it is unnecessary to rule whether constructive notice of the security deed would defeat Aiken's prescription, as there was evidence that he had actual notice of it. Assuming, therefore, that the jury was correctly instructed on this feature of the case, we will consider the plaintiff's contention that the evidence was insufficient to authorize a conclusion that the debt secured by the deed had been paid. The circumstances mainly relied on by the defendant to show payment were: the failure of the payee to request payment of the maker, Mrs. Stokes; his failure to make any effort to enforce the payment of the notes against Aiken, who was shown to be solvent, or to proceed against the house and lot; that during the four years immediately after taking the notes Norton omitted to return any notes or debts for taxation; and that from the tax returns it appears that Norton was a man of moderate means. It is insisted that these circumstances, in connection with the lapse of fifteen years after the maturity of the notes before any attempt was made to collect them, are sufficient to authorize the jury to find that the notes had been paid, especially when it appeared that when Aiken bought the property the notes were past due, and Aiken stipulated to pay them as a part of the purchase-money. It has been held that great lapse of time after maturity of the note, taken in connection with other circumstances, may be considered by the jury in determining whether all the facts proved would raise an inference of payment. 30 Cyc. 1275; *Milledge* v. *Gardner, 33 Ga.* 397. Any circumstance which tends to make the proposition of payment more or less probable may be considered by the jury. The failure of a creditor to include a note in his tax returns is a relevant circumstance in aid of the presumption of payment from the lapse of time. 30 Cyc. 1283. Mr. and Mrs. Stokes both were sworn as witnesses, and it appeared that they were living in the State before the note was barred by the statute of limitations, and yet payment was never demanded. Both Mr. Norton and Mr. Aiken were dead when the suit was brought. The evidence disclosed circumstances from which the jury could infer payment of the debt secured by the deed; the verdict has the approval of the trial court, and we will not interfere.

The court properly refused to allow a witness for the plaintiff to testify to certain declarations of Mr. Norton tending to show non-payment. 30 Cyc. 1283. He also rejected testimony that

Mr. Norton was a man of exemplary habits, but careless in collecting his debts. Evidence of this character is not admissible. 30 Cyc. 1285. The points ruled in the headnotes which are not discussed need no elaboration.

*Judgment affirmed.    All the Justices concur, except*

FISH, C. J., and HOLDEN, J., dissenting, on the ground that the evidence was not sufficient to authorize a finding by the jury that the notes had been paid.