3274.   FLETCHER *v.* YOUNG *et al.,* administrators.

1. The execution of a promissory note is evidence of a full settlement of all debts up to the date thereof, except such as are specially excepted at the time; and where the maker sues the payee for a debt alleged to have been due before the execution of the note, the giving of the note to the payee is presumptive evidence that he had paid the debt to the maker before or when the note was executed. This presumption can be rebutted.

2. The admission of secondary evidence is generally not ground for rever-
sal, where otherwise there is sufficient legal evidence in proof of the
fact to which the secondary evidence relates.

3. Where the plea of payment is filed, and there is evidence to support
the plea, it is not erroneous to charge, in effect, that if the jury believe,
from the evidence, that the defendant in fact paid the debt to the
plaintiff, the time and place when and where he paid it are im-
material. Evidence of the time and place of payment might add pro-
bative value to the proof relied upon to establish the plea, but the act
of payment is the essential fact to be shown.

4. The evidence and inferences reasonably deducible therefrom were suf-
ficient to raise the presumption that the debt sued for, if it ever ex-
isted, had in fact been paid by the defendant; and, no error of law
appearing, the verdict in his behalf must stand.

                     DECIDED DECEMBER 19, 1911.

Action for contribution; from city court of Ocilla—Judge Ox-
ford.    January 28, 1911.

Fletcher brought suit against Love Young and W. W. D. Branch,
as administrators of George Young, alleging that on May 15, 1902,
he and George Young signed, as sureties, the note of one J. B.
Harris for $2,000; that Harris died without paying the note, and
subsequently the plaintiff paid it to the Bank of Tifton, and by
reason of this payment his cosurety, George Young, became in-
debted to him in the sum of $1,000, with interest from the time of
payment; that on December 6, 1908, George Young died without
having paid him any part of the $1,000, and this suit was for the
purpose of enforcing contribution.    The defendants filed an answer
setting up that if any liability ever existed against their intestate,
as surety upon the note sued on, the liability had been paid off
and discharged by him, and that the defendants, as administrators,
did not owe the plaintiff any amount whatever upon the note.    In
other words, they alleged that the intestate had paid to the plain-
tiff whatever amount he became indebted because of cosuretyship
on the note, if, indeed, such indebtedness ever existed.    On the
trial the plaintiff proved by the cashier of the Bank of Tifton that
the $2,000 note was given by J. B. Harris, as maker, with the plain-
tiff, Fletcher, and the decedent, George Young, as sureties, and that
Fletcher "had paid the note in full to the bank."    The plaintiff
testified that the original note for $2,000 had been lost; that he had
paid this original note by a renewal note to the bank, which re-
newal note he paid when the same became due.

In support of the plea of payment, it was shown by the defend-

ants that in October, 1906, Fletcher and George Young had made a settlement of their financial matters, and in this settlement it was shown that Fletcher was indebted to Young in the sum of $440, for which amount Fletcher then gave his due-bill, or promissory note, to Young; that Fletcher, during the life of Young, made two payments on this due-bill, and after George Young's death paid the balance to the administrators; that at the settlement between Fletcher and Young, Fletcher made no mention whatever of the fact that he had paid this note of Harris, on which he and Young were cosureties, and made no claim against Young for any contribution on account of any alleged indebtedness arising from such payment; that Fletcher and Young resided about three miles apart, and were good friends; that prior to his death Young was sick about 15 months, and during that time the defendant Branch looked after Young's business, and Fletcher made no statement to Branch during this entire time as to any indebtedness which he claimed against Young on account of having paid the Harris note; and that nothing was ever said about it by Fletcher until four and a half years after Young died, when, for the first time, he claimed the amount for which the suit was brought.

It further appeared that during all the time from 1902, when Fletcher claims to have paid the note to the bank, until 1908, when Young died, a period of six years, Young was entirely solvent; that his estate was worth from $17,000 to $18,000; and that he owed no debts at the time of his death, except his physician's bill for his last sickness, and $3.45, which he owed as a store account to Fletcher. It was further shown that during this same period between 1902 and 1908 Fletcher was practically insolvent, and in proof of the fact of his insolvency defendants introduced from the execution dockets two unsatisfied executions against him, amounting to $150 principal, and $221 principal, and they insisted before the jury that all these circumstances were sufficient to raise a presumption that if Young ever did owe the amount to Fletcher for which he brought suit, it had been fully paid by Young, and that these facts, taken all together, were sufficient to warrant the jury in finding a verdict in favor of the defendants.

Fletcher's motion for a new trial contained, besides the usual general grounds, the following special assignments of error:

(1) He moved the court, first, to exclude all the testimony of

the defendant Branch, relating to the due-bill given by Fletcher to Young in the settlement between the two, on the ground that the evidence was irrelevant and immaterial, and illustrated no issue in the case; which motion was overruled by the court.

(2)    The court, over the objection of movant, admitted the general execution docket of Irwin county, Ga., showing the executions in favor of the Holmes Savings Bank *v.* T. Y. Fletcher, for $150, principal, and that of Frank & Co. *v.* Fletcher, for $221, principal, both of which were dated April 15, 1907. He objected to the admission of this evidence, on the grounds that it was irrelevant, immaterial, and illustrated no issue in the case, and because the execution docket was not the best and highest evidence of the facts sought to be proved.

(3)    Because the court erred in charging the jury as follows: "The defendants' contentions have been stated to you in the beginning, and I charge you that the execution of a promissory note or due-bill by one party to another is evidence in law that all prior past-due accounts owing from the payee of the due-bill or note to the maker of the same is settled, without they are excepted;" the ground of objection being that the charge was not applicable to the facts as developed by the evidence.

(4)    The court erred in charging the jury as follows: "I charge you that if you should find that Fletcher gave to George Young, during his lifetime, a certain note or due-bill, after the indebtedness sued for is alleged to be due, then that would be presumptive evidence that the debt, if any ever existed, was canceled; and if you should believe that this presumption has not been rebutted and explained by the facts or circumstances, or the evidence in the case, then you would be authorized to find for the defendants; it being a matter, however, entirely for you to say as to whether or not, considering the case as a whole, the presumption referred to has been explained or rebutted." It is insisted that this charge was not applicable to the facts as developed by the evidence, inasmuch as it was shown that the due-bill in question was given as a part of a distinct and separate transaction from the indebtedness sued on, and entirely apart from it; and that it was error, for the further reason that it charged affirmatively that the evidence of the defendants had raised a presumption that payment had been made, and that it was incumbent on

the part of the plaintiff to rebut or explain such presumption and overcome the same with evidence.

(5)  The court erred in charging to the effect that payment may be established by facts and circumstances, without fixing the time and place of payment: "the question of payment being determined by you from the facts in the case."

*R. D. Smith, J. J. Walker, Elkins & Wall*, for plaintiff.

*H. J. Quincey, L. Kennedy*, for defendants.

HILL, C. J.  (After stating the foregoing facts.)

1.  The exception relating to exclusion of the evidence of settlement and the giving of a due-bill by Fletcher to Young, and the charge of the court relating to the effect of this evidence, may be disposed of together.  If the evidence was admissible, clearly the charge was pertinent and correct.  Unquestionably the evidence was admissible.  In fact, the circumstance which tended to prove that the decedent Young, intestate of the defendants, did not owe the plaintiff, Fletcher, anything was admissible in support of the answer of payment.  The fact that Fletcher and Young had a settlement of their matters, and as a result of this settlement Fletcher gave his due-bill or promissory note to Young, was a circumstance of more or less probative value that Young did not owe Fletcher anything at that time; for, if he had been indebted to Fletcher, there would have been no reason why Fletcher should have given him his due-bill or promissory note, and if there was a settlement between them, it is fair to presume that all mutual accounts and claims would have then been made and adjusted, and a balance struck between them.  That this in fact was done in the settlement, and the balance was in favor of Young, is indicated by the fact that Fletcher did give his due-bill or promissory note.

As early as in the case of *Mills* v. *Mercer, Dudley's Reports*, 158, it was held that the execution of a promissory note is evidence in law of a full settlement of accounts up to the date thereof, except such as were especially excepted at the time of the settlement; and the excerpt excepted to is in the very language of this opinion.  Of course, the presumption was not conclusive.  The court correctly stated that it was an inference of fact, and subject to be rebutted by evidence.

In *Baldwin* v. *Walden*, 30 *Ga.* 829, it was held that a credit on

a note, put there by the maker, is presumptive evidence that there was no account due by the holder to the maker. Both of these cases are referred to with approval in *Broughton* v. *Thornton,* 50 *Ga.* 571.

It is not objected here that these excerpts from the charge did not state a correct principle of law, but they are objected to for the alleged reason that they do not illustrate any issue in ·the case. It seems to us that they do illustrate the only issue in the case, to wit, whether or not Young owed Fletcher the debt for which the administrators were being sued; it being contended that if Young did in fact owe this debt to Fletcher, and it was in existence at the time of the proved settlement between them, it was either included in the settlement, or did not exist, because not then referred to by Fletcher; the witness testifying that he was present when the settlement was made, and no reference was made to this debt by Fletcher to Young. In *Norton* v. *Aiken,* 134 *Ga.* 24 (67 S. E. 425), it is said that "any circumstance which tends to make the proposition of payment more or less probable may be considered by the jury." Certainly the failure of Fletcher to mention this debt to Young at the time of the settlement was a circumstance which tended to establish the fact that Young did not owe Fletcher the debt.

It is insisted by learned counsel for the plaintiff that the testimony as to this settlement and the giving of this due-bill or note was not relevant, and the charge of the court, relating thereto, was not pertinent, because the settlement was as to different matters between Fletcher and Young than that growing out of his right of contribution as a cosurety for Harris. This may affect the probative weight or value of the testimony, but does not destroy its relevancy, or make improper the charge referred to. Of course, if the due-bill given by Fletcher to Young had been given expressly in reference to a claim of Fletcher against Young, growing out of his relation of cosurety on the note given by Harris ·to the bank and its payment by Fletcher, it would have been conclusive against Fletcher. But it was a circumstance, in any event, which tended to raise a presumption against him that Young did not owe him anything at the time of the settlement; for it must be conceded that, being an insolvent man, according to the evidence, Fletcher would hardly have been giving his due-bill or· promissory note

to a creditor, if, at that time, this creditor was in his debt.  He would have claimed the debt, and would then have insisted upon its payment.  So we conclude on this part of the case that the evidence was properly admitted, and the charge was properly given.

2.   In the ruling of the court in admitting in evidence the general execution docket, showing the entry of the executions against Fletcher, there was probably error.  The evidence was secondary; the best evidence being an exemplified copy of these entries.  This error, however, was not material, and hardly contributed to the verdict.  The existence of the unpaid executions was only a slight circumstance against the plaintiff; and, irrespective of this evidence, in our opinion the verdict is amply supported.

3.   There was no error in the charge of the court that payment might be established by facts or circumstances, without fixing the time or place of payment; the question of payment being one for the jury to determine from the facts in the case.  It is the fact of payment, and not the time or place of the payment, that is the essential fact to be proved; and if the evidence established the fact of payment, it is wholly immaterial that it did not go further and prove the place and time when the payment was actually made.  Proof of the time and place of payment might render the evidence of payment stronger, but certainly the failure to prove the time and place could not destroy the probative value of the proof that payment was in fact made.

4.   We think there was sufficient evidence to warrant the jury in coming to the conclusion that if Young, the intestate of the defendants, ever owed Fletcher the $1,000, he paid the debt during his lifetime.  Fletcher alleges that he paid this note on which Young was cosurety to the bank in 1902.  For six years thereafter he made no claim upon Young for contribution, although during that time Young was entirely solvent and lived near Fletcher, and during that time Fletcher had had a settlement with Young, and had given Young his due-bill for $440.  During this time, also, Young was sick for 15 months, and Branch, one of the administrators, attended to his business; and yet Fletcher, with no written evidence that he had paid the surety debt of Harris in his possession (for he testified that he had lost the note which he had paid), did not say one word as to the existence of this debt,

either to Young or to his agent, Branch. These facts and circumstances, taken all together, fully warrant the inference, either that Young had never owed the debt sued for, or, if he had owed it, had paid it; and this reasonable inference was not in any manner rebutted by evidence. No error appears to have been committed, the verdict is supported by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.*

POWELL, J., concurring specially. I doubt that the presumption or inference of settlement of previous differences arising from the giving of a note or due-bill is as broad as the opinion of the Chief Judge indicates, but, as applied to the facts of the present case, the charge was not misleading or erroneous. Besides, it should not be overlooked that the alleged indebtedness for contribution had become barred by the statute of limitations, before the death of the decedent, even if it had not been discharged. Though the statute of limitations was not pleaded, the very fact of the lapse of time, without claim of indebtedness, greatly enhances the inference arising from the giving of the due-bill.

Judge Russell authorizes me to state that he concurs with these views.