### 14511. TUMLIN *v.* GUEST.

JENKINS, P. J. 1. Where in a plea to a suit on a note, executed by the defendant and the husband of the plaintiff, payable to her order, the defendant sets up, as an accord and satisfaction or payment, an oral agreement with the plaintiff, whereby the defendant withdrew from a partnership, consisting of himself and plaintiff's husband, and surrendered all his interest in the business and assets, that such surrender of his interest was accepted by her in full payment and satisfaction of his liability to her, and that the plaintiff, when requested by the defendant to surrender the note, stated that it would be destroyed, paragraphs in the plea reciting the circumstances of the formation and existence of the partnership and the execution of the note by the two partners, even if not strictly germane to the essential issue raised by the plea, did not render the plea subject to an oral motion to strike in the nature of a general demurrer. Such of the allegations of the plea as might not be treated as proper matter of inducement and history explanatory of the alleged accord and satisfaction (*Bunting* v. *Hutchinson*, 5 *Ga.*

*App.* 194, 198, 199, 63 S. E. 49; *McSwain* v. *Edge,* 6 *Ga. App.* 9, 12, 64 S. E. 116) were subject only to special demurrer pointing out such irrelevant matter.

(*a*) The oral motion to strike the 16th paragraph of the plea, setting up a lack of consideration in the note, the overruling of which is complained of in exceptions pendente lite and in argument in the briefs, appears from an order in the record to have been sustained subsequently to the filing of the exceptions pendente lite and before the submission of the case to the jury. It further appears that the judge in his charge explicitly withdrew that paragraph and plea from the consideration of the jury.

2. Great lapse of time after maturity of a note, taken in connection with other circumstances, may be considered as a circumstance by the jury in determining whether all the facts proved would raise an inference of payment, or as cumulative evidence in support of the debtor's testimony as to a payment. Any circumstance which tends to make the proposition of payment more or less probable may be considered by the jury. *Norton* v. *Aiken,* 134 *Ga.* 21, 24 (67 S. E. 425); *Milledge* v. *Gardner,* 33 *Ga.* 397, 401; 30 Cyc. 1275.

(*a*) Grounds 4 and 5 of the motion for new trial, in which the plaintiff complains of the admission, as irrelevant, of testimony of the defendant as to the arrangement and circumstances attending the dissolution of the partnership, and conversations on the subject with the plaintiff, are without merit, since such testimony was directly relevant as throwing light upon the issue of accord and satisfaction or payment as raised by the plea.

(*b*) Likewise, testimony of the defendant as to his being engaged in work for several months in the city where the plaintiff then resided, at a time about 9 or 10 years after the date of maturity of the note, and that he talked with the plaintiff and she said nothing with reference to the note, and that she never subsequently said anything to him on the subject, was properly admitted as a circumstance in support of the plea and the defendant's testimony that the plaintiff had agreed to release him from liability in consideration of his surrender of his partnership interest to her and her husband, and had promised to destroy the note. •

(*c*) In like manner, testimony relating to the formation of the partnership between the defendant and the plaintiff's husband, and the circumstances attending the execution of the note in question to the plaintiff as an alleged partnership debt, was properly admitted, as relevant, not upon the theory of inquiring into the consideration of the note or into collateral questions immaterial to the issue of payment, but as facts or circumstances for the jury to consider as explanatory of the essential contention, and in connection with the credibility or probability of the defendant's testimony upon the disputed issue of payment.

(*d*) The admitted evidence with reference to where the defendant had lived, and his business in a city other than that of plaintiff's residence, subsequent to the transactions in question, and as to whether he had seen his former partner, plaintiff's husband, during such time, although irrelevant and immaterial as supporting the defendant's contentions,

cannot be taken as having any tendency to prejudice the real issue so as to constitute reversible error. *Norton* v. *Aiken*, 134 *Ga.* 21 (3) (67 S. E. 425).

3. Exceptions are taken to certain portions of the charge, in which the judge, in stating the contentions of the defendant, referred to the contentions under his admitted evidence as to the circumstances attending the formation of the partnership and the execution of the note to the plaintiff as an alleged debt of the partnership, in connection with his essential contention of payment and the alleged agreement with the plaintiff on the dissolution of the partnership. These instructions are attacked solely upon the ground that the court, by referring to such collateral contentions, confused and misled the jury, when he should have submitted, as the single issue, whether there was or was not an accord and satisfaction of the note. The statement of contentions made by the defendant under his evidence, under the exceptions as taken, cannot be taken as confusing or misleading to the jury. The evidence was properly admitted, as relevant in explanation and support of the defendant's contentions as to the accord and satisfaction; and the judge in the charge made clear the true issue to be determined, that the burden of proof was on the defendant to sustain his plea, and that the jury should find for the plaintiff unless the defendant showed by a preponderance of evidence that the note was paid by the alleged agreement.

4. The court properly overruled the plaintiff's motion for a new trial.

Judgment affirmed. Stephens and Bell, JJ., concur.

DECIDED NOVEMBER 27, 1923.

Complaint; from city court of Atlanta—Judge Reid. February 3, 1923.

*Anderson, Rountree & Crenshaw,* for plaintiff.

*Etheridge, Sams & Etheridge,* for defendant.