20454. WINDHAM *v.* TAYLOR *et al.*

DECIDED JANUARY 19, 1931.

*Jule W. Felton,* for plaintiff in error. *John B. Guerry,* contra.

JENKINS, P. J. 1. Ordinarily the burden of proof lies upon a plaintiff, who, alleging certain facts to exist, claims a right to recover against the defendant; but when in such a case the defendant comes in and admits the prima facie case as stated by the petition, and sets up matters in avoidance, then the defendant is the party who asserts the truth of the facts so set up, and the burden in such a case is on the defendant to establish the facts so pleaded; failing to do which the plaintiff is, without more, entitled to a verdict. In order for this rule to have application, the admission of the defendant must show a prima facie case in favor of the plaintiff; otherwise the burden of proof to establish the case as a whole is left upon the plaintiff. And where such admission is not made and the presiding judge correctly charges the jury in regard to the general burden of proof, he is not required, as an essential part of his charge, to discuss the shifting of the burden as to the particular points of contest made by the evidence during the progress of the case, and it will not be held error that he neglects to do so. And even in a case where a charge on such a subject would be appropriate, it should be duly requested. *Hawkins*

v. *Davie*, 136 *Ga.* 550 (71 S. E. 873); *Lazenby* v. *Citizens Bank*, 20 *Ga. App.* 53, 55, 56 (92 S. E. 391). The answer of the defendants in the instant suit for commissions on account of the alleged sale, through the plaintiff, of certain saw-timber, denied the material allegations of the petition, and further set forth an alleged accord and satisfaction. Under the foregoing rulings, the charge of the court that "before plaintiff is entitled to recover, he carries the burden of establishing to your satisfaction, by a preponderance of the testimony, all of the material allegations contained in his suit, necessary to show liability on the part of the defendants to account to him in said action," was not erroneous in that it placed upon the plaintiff the burden of negativing the defendants' plea of accord and satisfaction, or in that it did not go further and instruct the jury that the burden of establishing such plea rested upon the defendants.

2. In addition to denying all liability, the defendants set up by way of accord and satisfaction that they had paid to the plaintiff the sum of $100 in full and complete settlement of all claims held against them by the plaintiff by virtue of the alleged contract. One of the defendants testified that at the time the payment of $100 was made he did not know whether a certain portion of the timber had been sold or not. Exception is taken by the plaintiff to the failure of the court, to charge, on his own motion, that if at the time of the alleged accord and satisfaction the parties thereto were ignorant of the fact that a certain portion of the timber had already been sold at that time, the settlement would not amount to a bar to the plaintiff's right to recover. The court correctly charged the law as to accord and satisfaction, and did not err in failing to give the particular contention stressed by the plaintiff in his motion for a new trial, since, irrespective of whether a certain portion of the timber had been sold or not at the time of the $100 payment, it was the defendants' contention that the payment thus made was in full and complete settlement of all claims held against them under the alleged contract sued on.

3. Upon the issues of fact the evidence authorized the finding in favor of the defendants, and the verdict can not be here set aside for any reason assigned.

*Judgment affirmed.* *Stephens and Bell, JJ., concur.*