### 23627. HURT, executor, *v.* STEWART.

JENKINS, P. J. 1. The first grant of a new trial on certiorari will not be disturbed, regardless of the merit or absence of merit of special grounds in the petition for certiorari, unless the verdict was demanded by the evidence. *McWhorter* v. *Stein,* 47 *Ga. App.* 838 (171 S. E. 583); *Freeman* v. *Franklin,* 47 *Ga. App.* 265 (170 S. E. 321), and cit.

2. In this suit by the executor of the will of the deceased payee of two promissory notes for $265 principal, besides interest, dated in July and September, 1913, the maker pleaded payment and an accord and satisfaction by his subsequent conveyance of land to the wife of the payee at the payee's request. There was evidence by the defendant maker to the effect that his equity in the land was worth about $1900, and that he never owed anything to the wife and never received any consideration from her. One of the subscribing witnesses to the deed, who worked as an associate with the maker and the payee of the notes in their business in connection with which the notes were given, further testified that the deed was given in settlement of whatever the defendant owed to the payee (since deceased); that after the execution of the deed he heard the defendant say to the payee that he had paid him all that he owed him, to which the payee agreed; that the parties remained friendly; and that he had never heard the payee make any claim of debt. This evidence, taken with the retention of the notes without filing suit or apparently endeavoring to make collection during eighteen years after their maturity until the suit was filed, was sufficient to make an issue for the jury under the plea, notwithstanding the presumption in favor of the plaintiff, arising from his possession of the notes (*Hale* v. *Hale,* 34 *Ga. App.* 314, 129 S. E. 445), and notwithstanding the rules of law that mere lapse of time, in the absence of other circumstances (*McIntyre* v. *Meldrim,* 63 *Ga.* 58, 64 (2); *Norton* v. *Aiken,* 134 *Ga.* 21 (4), 24, 67 S. E. 425; *Milledge* v. *Gardner,* 33 *Ga.* 397), will not raise a presumption of payment (*Hobbs* v. *Citizens Bank,* 32 *Ga. App.* 522 (5), 124 S. E. 72), that the defendant, having admitted the execution of the notes, had the burden of proving payment or the particular accord and satisfaction pleaded (*Windham* v. *Taylor,* 42 *Ga. App.* 521, 156 S. E. 744; *Glisson* v. *Burkhalter,* 31 *Ga. App.* 366 (5), 120 S. E. 664), and that under the Civil

252

Code (1910), § 5858, the defendant himself was debarred from testifying in his own favor as to his transactions directly with the deceased payee. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 22, 1934. REHEARING DENIED JUNE 18, 1934.

Haas, Gambrell & Gardner, Harris, Russell, Popper & Weaver, Charles D. Hurt Jr., for plaintiff.
Hall & Bloch, for defendant.