45740. PINSON v. MARTIN et al.

Pannell, Judge. In a negligence action brought in behalf of a child, a passenger in an automobile driven by its father which had a collision with a truck driven by the defendant, and in

which case the defendant brought a third-party action against the father driver seeking contribution in the event of a recovery agianst him, the jury found for the defendant. The plaintiff filed a motion for new trial containing the general and special grounds, and upon the overruling of his motion, appealed to this court. A motion was made to dismiss the appeal on the grounds that the appellant had not complied with Rule 17 of this court and that the lateness of the appellant in filing a pauper's affidavit in the lower court, after filing for notice of appeal, caused a delay in the transmittal of the record to this court. *Held:*

1. (a) Failure to comply with Rule 17 of this court relating to references to the record and transcript, while it may be ground for considering a particular enumeration of error abandoned, is not ground for dismissal of the appeal.

(b) The certificate of the clerk disclosing that the delay in transmittal was occasioned by a traverse to the plaintiff's pauper's affidavit filed in the lower court and the hearing held thereon, it does not affirmatively appear that "the delay" in filing the pauper's affidavit caused the delay in transmitting the record to this court. The motion to dismiss the appeal is denied.

2. Only the general grounds and one special ground of the motion for new trial are argued in the brief of the appellant. The grounds not argued will be considered as abandoned and will not be passed upon.

3. The evidence was sufficient to authorize the verdict rendered.

4. Assuming, without deciding that there was a sufficient objection to the failure of the trial judge to charge the jury that the negligence of the father driver of the automobile in which the child was a passenger was not imputable to the child, there was no error, under the circumstances, the contentions of the parties, and the charge of the court in this case, in failing to give such charge in the absence of a request. The court here specifically charged the jury that the negligence of the father driver, if any, would have to be the sole proximate cause of the injuries to the child, with the defendant's negligence, if any, not being in any manner a contributing cause in order to find for the defendant. See in this connection *Fallaw v. Hobbs,* 113

Ga. App. 181 (147 SE2d 517); *Evans v. Sears, Roebuck & Co.,* 49 Ga. App. 744, 746 (176 SE 843).

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.* SUBMITTED NOVEMBER 2, 1970—DECIDED NOVEMBER 16, 1970.

*C. Winfred Smith,* for appellant.

*Whelchel, Dunlap & Gignilliat, William A. Bagwell,* for appellees.