### 47607. MARKS v. DURRETT et al.

EBERHARDT, Presiding Judge. Cecil Marks brought suit on a promissory note against Thomas Durrett and Ralph Marler, to which Marler pleaded various affirmative defenses, including payment and accord and satisfaction. At the trial defendant Durrett's motion for directed verdict was sustained, and no complaint is made as to that ruling. The jury returned a verdict for defendant Marler, and plaintiff appeals. *Held:*

1. Payment may be shown by circumstantial evidence, and any circumstance which tends to make the proposition of payment more or less probable is relevant and may be considered by the jury. *Milledge v. Gardner,* 33 Ga. 397; *Norton v. Aiken,* 134 Ga. 21 (67 SE 425); *Fletcher v. Young,* 10 Ga. App. 183 (73 SE 38); *Tumlin v. Guest,* 31 Ga. App. 250 (120 SE 442); *Hurt v. Stewart,* 49 Ga. App. 251 (174 SE 924).

2. "A defense of payment, discharge, and satisfaction may be sustained by proof of circumstances sufficient to justify the inference sought to be drawn therefrom." *Trus-*

*tees of Jesse Parker Williams Hospital v. Nisbet,* 191 Ga. 821 (1) (14 SE2d 64). Accord: *Milledge v. Gardner,* 33 Ga. 397, supra; *Norton v. Aiken,* 134 Ga. 21, supra; *Fletcher v. Young,* 10 Ga. App. 183, supra; *Tumlin v. Guest,* 31 Ga. App. 250, supra; *Hurt v. Stewart,* 49 Ga. App. 251, supra.

3. "Payment made to a third person by the request or with the consent of the creditor is a good defense to an action for debt. 30 Enc. Law & Proc. 1183; *Hurst v. Whitly,* 47 Ga. 366." *Maloof v. George,* 22 Ga. App. 82 (1) (95 SE 310). Accord: *Hurt v. Stewart,* 49 Ga. App. 251, supra; *Owens v. Service Fire Ins. Co.,* 90 Ga. App. 553 (83 SE2d 249).

4. In accordance with the authority cited above, there was no error in admitting evidence to the effect that defendant Marler satisfied his obligation on the note to plaintiff by paying, as a loan from plaintiff, with plaintiff's consent or at his request, the amount of the note to a corporation to enable it to buy machines, plaintiff receiving invoices or bills of sale to certain of the machines to secure the loan, the loan so made from plaintiff to the corporation to be repaid to plaintiff from proceeds from the sale of the corporate stock, and the evidence was quite ample to support the plea of payment and satisfaction of the note by Marler's paying the amount thereof over to the corporation on plaintiff's behalf with plaintiff's consent or at his direction. Whether Marler has an unfulfilled, enforceable obligation to lend money personally to the corporation is not before us in this appeal.

*Judgment affirmed. Deen and Clark, JJ., concur.*
Argued November 8, 1972—Decided November 14, 1972.

*Harris & Simmons, James C. Simmons, Jr., Robert B. Harris,* for appellant.

*Sams, Dozier & Glover, Irma B. Glover, McDonald, Dupree, Rodriguez & Moore, Hylton B. Dupree, Jr.,* for appellees.