## 47626. SPARKS v. SPARKS.

EBERHARDT, Presiding Judge. Patricia Sparks brought suit on three demand promissory notes which were executed to her by her former husband, A. O. B. Sparks, Jr., some four years prior to her institution of divorce proceedings against him, during the pendency of which a financial settlement was finally arrived at by negotiation and made the judgment of the court. The instant suit on the notes was filed some 2½ years after the decree of divorce. Although the settlement agreement and decree made no reference to the notes and contained no language purporting to extinguish "any and all claims of whatsoever nature" between the parties, defendant pleaded that the obligations sued upon had been satisfied and extinguished, making various allegations with respect to lapse of time in demanding payment on the notes, failure of plaintiff in her divorce action to show the notes as assets

of her estate (*Code* § 30-105 (6)), circumstances surrounding the making of the notes and the negotiations for the settlement, the provisions of the settlement, etc. Both parties moved for summary judgment, attaching various affidavits and exhibits. The trial court entered an order granting plaintiff's motion for summary judgment and denying defendant's motion, and defendant appeals. *Held:*

1. Appellee moved to dismiss the appeal on the ground that appellant had not complied with the requirement of our Rule 18 (c) (3) (i) as to making pagination references to the record or transcript where appropriate to support the claims of error. This is not ground for dismissal, but affords the court a basis for affirming when, by reason of failure to observe the rule, the court determines that the claim of error has been abandoned, or that it has not been demonstrated to exist. *Pinson v. Martin*, 122 Ga. App. 831 (la) (178 SE2d 924). The requirement has special application in situations where there is necessity that an extensive search be made "within this haystack [of the evidence to find where] lies the needle of relevant testimony." *Patillo v. Thompson*, 106 Ga. App. 808, 811 (128 SE2d 656). At any rate, counsel for appellant, apparently recognizing an inadvertent omission to comply with the rule, prepared and filed a new brief which is the same as that previously filed but containing full pagination references. The motion is denied.

2. "Where the parties to a divorce action fail to schedule or incompletely schedule their property, even though title to the personal property of each might have been adjudicated in the action, the final decree leaves the parties where it finds them, and the separate title of each to his own property is unaffected by the decree. [Cits.]" *Byrd v. Byrd,* 106 Ga. App. 89 (2) (126 SE2d 270). The same rule is applied to indebtednesses existing between them. Where there is no reference in the decree to the indebtedness and there is no provision that the decree shall operate as a settlement of their obligations, each to the

other, there is no settlement of the indebtedness by virtue of the decree and the parties are left where the court found them.

However, apart from the decree, appellant contends that there was an accord and satisfaction *between the parties* effecting a full settlement of the indebtedness represented by the notes. Appellee denies that there was ever such an accord and satisfaction or settlement of this indebtedness. That raises a factual issue for jury resolution. Appellant, of course, has the burden of establishing his defense. The notes themselves make a prima facie case for appellee.

3. From a consideration of the record as a whole, and under the rulings made in *Milledge v. Gardner*, 33 Ga. 397, *Norton v. Aiken*, 134 Ga. 21 (67 SE 425), *Trustees of Jesse Parker Williams Hosp. v. Nisbet*, 191 Ga. 821 (14 SE2d 64), *Fletcher v. Young*, 10 Ga. App. 183 (73 SE 38), *Tumlin v. Guest*, 31 Ga. App. 250 (120 SE 442), *George v. McCurdy*, 42 Ga. App. 614 (157 SE 219), *Calhoun v. Williamson*, 49 Ga. App. 229 (174 SE 806), and *Hurt v. Stewart*, 49 Ga. App. 251 (174 SE 924), we must hold that neither party has carried the burden of establishing that there is no genuine issue of material fact on the issue of accord and satisfaction of the notes. See also *Elliott v. Banks*, 115 Ga. 926 (4) (42 SE 218); *Conway v. Caswell*, 121 Ga. 254, 259 (48 SE 956, 2 AC 269); *Jenkins v. Elliott*, 180 Ga. 303 (178 SE 702); *McWilliams v. McWilliams*, 206 Ga. 493 (57 SE2d 599); *Marks v. Durrett*, 127 Ga. App. 537. Accordingly that portion of the order granting plaintiff's motion for summary judgment is reversed and that portion denying defendant's motion is affirmed.

*Judgment reversed in part; affirmed in part. Deen and Clark, JJ., concur.*

SUBMITTED NOVEMBER 8, 1972—DECIDED NOVEMBER 15, 1972.—REHEARING DENIED NOVEMBER 30, 1972.

*Joel A. Willis, Jr.,* for appellant.

*Adams, O'Neal & Hemingway, Thomas W. Talbot,* for appellee.